## S06A1567. JOHNSON v. THE STATE.
### (637 SE2d 393)

SEARS, Chief Justice.

Kenneth Earl Johnson was convicted in 2004 of malice murder, aggravated assault, and related offenses in connection with the shooting death of Teresa Smith.[1] Johnson appeals, arguing that the evidence was insufficient to sustain his convictions and that he received ineffective assistance of counsel. Finding no merit to these contentions, we affirm the convictions.

1. The evidence presented at trial showed that on December 21, 2002, Johnson and Smith were playing cards with a few other people at a friend's house. According to witnesses, Johnson was fighting with

---

[1] The crimes were committed on December 21, 2002. On June 27, 2003, Johnson was indicted by a Fulton County grand jury for malice murder, felony murder, two counts of aggravated assault, kidnapping, and three counts of possession of a firearm in the commission of a felony. On July 1, 2004, a Fulton County jury convicted Johnson of all counts except kidnapping and one count of possession of a firearm in the commission of a felony. The felony murder conviction and the aggravated assault against the murder victim were vacated as a matter of law. Johnson received a life sentence for malice murder, twenty years concurrent for aggravated assault, and two five-year consecutive sentences for the possession offenses. After being granted the right to file an out-of-time motion for new trial, Johnson moved for a new trial on March 30, 2005, and amended that motion on September 30, 2005. A hearing on the motion was held on October 7, 2005, and the trial court denied the motion on October 11, 2005. Johnson filed a timely notice of appeal. The case was docketed in this Court on May 22, 2006, and submitted for decision on the briefs.

Smith and Marcella Bailey at the time. Smith, Bailey, Johnson, Tina Thompson, and Ricky Clark all left the house together in a van driven by Clark. During the ride, Johnson again fought with Bailey, striking her in the head with a gun, and Smith told Johnson to stop hitting Bailey. Suddenly, a gunshot was heard and the passengers turned to see Smith lying dead and Johnson holding the gun. The medical examiner testified that the gun had been inside Smith's mouth when it was fired.

Clark pulled over to the side of the road, and Thompson and Bailey fled the van. Clark then drove off with Johnson and dumped the body in an industrial area. Afterwards, Johnson told Clark that he should have killed Thompson and Bailey. Clark then drove Johnson to his home where he retrieved a bag and some new clothes. While stopped at a gas station, Clark drove off and left Johnson stranded. Johnson was apprehended in Tennessee.

After reviewing the evidence in the light most favorable to the jury's verdict, we conclude that there was sufficient evidence for a rational trier of fact to find Johnson guilty of the crimes for which he was convicted.[2]

2. Johnson argues that the trial court erred by charging the jury that it could convict Johnson of the aggravated assaults of Bailey and Smith in a manner not alleged in the indictment. The indictment alleged that Johnson assaulted Bailey by striking her with a gun, and that he assaulted Smith by shooting her with a gun. Johnson claims the trial court erred by defining both types of simple assault, attempting to commit a violent injury to another, and placing another in reasonable apprehension of immediately receiving a violent injury, in its instructions to the jury.

Because the convictions for the felony murder and aggravated assault of Smith stand vacated by operation of law, Johnson's complaints about the jury instructions for that assault are rendered moot.[3]

As to the aggravated assault committed against Bailey, this Court has ruled that the instruction used in this case is permissible.[4] " 'The trial court did not charge a separate, unalleged method of committing aggravated assault, but simply defined both methods of committing simple assault, a lesser included offense.' "[5] Moreover, the trial court properly instructed the jury with respect to aggravated assault, stating unequivocally that in order to convict the defendant

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Mason v. State*, 279 Ga. 636, 639 (619 SE2d 621) (2005).

[4] *Simpson v. State*, 277 Ga. 356, 357-358 (3) (589 SE2d 90) (2003).

[5] Id. at 358 (quoting *Heard v. State*, 257 Ga. App. 315, 317 (573 SE2d 82) (2002)).

of that offense, it was "necessary that the evidence show beyond a reasonable doubt that the defendant attempted to cause a violent injury to the alleged victim." The court then instructed that "[t]he state must also prove . . . that the assault was made with an object, device or instrument that when used offensively against a person is likely to or actually does result in serious bodily injury." Thus, the trial court did not authorize a conviction in a manner not alleged in the indictment.[6]

3. Next, Johnson argues that his attorney provided ineffective assistance in a number of ways. In order to prevail on his claim of ineffective assistance of counsel, Johnson has the burden to show that his trial counsel's performance was deficient and that but for that deficient performance, there is a reasonable probability that the result of the trial would have been different.[7] Johnson argues that his attorney rendered ineffective assistance by failing to object to the testimony of various witnesses, but his contentions are without merit.

First, Johnson argues that his attorney was ineffective by failing to raise a hearsay objection to Regina Maffett's testimony regarding statements made by Johnson during an argument between Johnson and Smith just prior to the crimes, and to Ricky Clark's testimony that Johnson stated that he should have killed the other witnesses to the crime before they fled. This testimony was clearly admissible,[8] however, and Johnson's attorney was not ineffective by failing to object to it.[9]

Next, Johnson argues that his attorney was ineffective by failing to raise a hearsay objection to the testimony of Tina Thompson regarding what she heard Smith, Bailey, and Johnson say during the van ride. Thompson's testimony was also clearly admissible,[10] how-

---

[6] Compare *Blige v. State*, 208 Ga. App. 851, 852 (432 SE2d 574) (1993) (reversing aggravated assault conviction where instruction emphasized that jury could convict defendant of aggravated assault if it found that he assaulted victim "with intent to rob," rather than with an offensive weapon as alleged in the indictment) (affirmed on other grounds by 264 Ga. 166 (441 SE2d 752) (1994)).

[7] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Jones v. State*, 279 Ga. 854, 855 (622 SE2d 1) (2005).

[8] See, e.g., *Gibby v. State*, 213 Ga. App. 20, 22 (443 SE2d 852) (1994) (defendant's statements to victims are not hearsay where they are not offered to prove the truth of any matter asserted therein); *Buttles v. State*, 229 Ga. App. 300, 302 (494 SE2d 73) (1997) (testimony regarding argument between defendant and victim prior to crime is admissible to show state of mind, and because it is not offered for truth of matter asserted).

[9] *Henry v. State*, 279 Ga. 615, 617 (619 SE2d 609) (2005) (failing to make a meritless objection is not ineffective assistance).

[10] See, e.g., OCGA § 24-3-3 ("[d]eclarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of the res gestae").

ever, and Johnson's attorney was not ineffective by failing to object to it.[11]

Finally, Johnson argues that his attorney was ineffective by failing to object when Clark testified that Johnson killed Smith in a "heartless" fashion, that he believed Johnson was trying to convince him that the shooting was an accident, and that he believed Johnson was considering killing the other witnesses to the crime. Johnson argues that the statements improperly placed his character at issue. Johnson's counsel testified at the hearing for the motion for a new trial that he chose to attack that testimony through cross-examination rather than through an objection, which he did not believe would have any positive effect on the jury. Pretermitting whether the testimony was objectionable, Johnson's attorney's strategic decision does not amount to ineffective assistance of counsel.[12]

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 6, 2006.

*Dell Jackson*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Marc A. Mallon, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Robin J. Leigh, Assistant Attorney General*, for appellee.

---

[11] *Henry*, 279 Ga. at 617.

[12] *Moss v. State*, 278 Ga. App. 362, 365 (629 SE2d 5) (2006).