### A08A0055. ALLEN v. THE STATE.
(663 SE2d 370)

MILLER, Judge.

Following a jury trial, Joseph Eureako Allen was convicted of intentionally escaping from the lawful custody of the Chatham County detention center after having been previously convicted of a felony. OCGA § 16-10-52 (a). Allen claims that the trial court erred in (i) denying his motion in limine to prevent the State from mentioning the nature of his prior felony convictions; (ii) allowing the State to introduce certified copies of additional convictions, which were pending at the time of his escape; (iii) charging the jury that a witness may be impeached "by proof that [he] has been convicted of a crime involving moral turpitude"; (iv) refusing to allow defense counsel to argue that jurors must acquit unless "you can honestly say . . . he did it, without any reservations or any qualifications . . ."; and (v) sentencing him as a recidivist pursuant to OCGA § 17-10-7. Allen also alleges that he was denied effective assistance of counsel. For the reasons that follow, we discern no error and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). So viewed, the record shows that on February 15, 2001, Allen was in the lawful custody of the Chatham County detention center following his 1987 convictions for aggravated assault, robbery, battery, and theft by taking, and pending his trial for charges related to 14 armed robberies.

At approximately 9:00 that morning, an inmate saw Allen being hoisted on another inmate's shoulders in the recreation yard and onto the roof of the detention center. After a correction officer saw what appeared to be an inmate running from the facility and into the nearby woods, a headcount of the facility was conducted, and Allen was discovered to be missing. Four days later, Allen was apprehended in Savannah.

At trial, Allen testified that he was compelled to leave the detention center because he was being threatened by a detective involved in his pending armed robbery cases and beaten by officers demanding that he "cooperate" with the detective.

1. Allen first claims that the trial court erred in denying his motion in limine to prevent the State from mentioning the nature of his prior felony convictions for aggravated assault, robbery, battery,

and theft by taking. We disagree.

Prior to voir dire, Allen's counsel moved that the clerk not read the indictment related to his prior convictions to the jury and that the State be prevented from disclosing the reasons for his incarceration. The trial court denied the motion. Admission of evidence is a matter committed to the sound discretion of the trial court, and the trial court's evidentiary decisions will not be disturbed on appeal absent an abuse of discretion. *Bradford v. State*, 221 Ga. App. 232, 234 (2) (471 SE2d 248) (1996).

Here, Allen relies on *Ross v. State*, 279 Ga. 365, 367-368 (2) (614 SE2d 31) (2005), in which the Supreme Court of Georgia found that a trial court erred in allowing the State to introduce evidence of a prior conviction to prove that a defendant charged with possession of a firearm by a convicted felon was, in fact, a convicted felon. In *Ross*, the defendant had offered to stipulate to his status as a convicted felon in order to prevent the State from introducing evidence showing that his prior conviction was for enticing a child for indecent purposes. Id. The Supreme Court of Georgia found that the introduction of such evidence would "raise the risk of a verdict tainted by improper considerations" and that the trial court abused its discretion in rejecting Ross' offer to stipulate. Id. at 368 (2). In so doing, the Court

> set forth the limited rule that when (1) a defendant's prior conviction is of the nature likely to inflame the passions of the jury and raise the risk of a conviction based on improper considerations, and (2) the purpose of the evidence is solely to prove the defendant's status as a convicted felon, then it is an abuse of discretion for the trial court to spurn the defendant's offer to stipulate to his prior conviction and admit the evidence to the jury.

Id.

Unlike the defendant in *Ross*, however, Allen never made an offer to stipulate to his status as a convicted felon. Instead, he moved to prevent the State from doing more than "allud[ing] to the fact that he was being lawfully retained or incarcerated in the Chatham County detention center and [from disclosing] the specific reasons [for such incarceration]." See *Tanksley v. State*, 281 Ga. App. 61, 63 (2) (635 SE2d 353) (2006).

In addition, Allen's prior convictions for aggravated assault, robbery, battery, and theft by taking were not of the nature likely to "inflame the passions of the jury," as was Ross' prior conviction for enticing a child for indecent purposes. See *Tanksley*, supra, 281 Ga. App. at 63 (2) (distinguishing *Ross* by finding that defendant's prior

burglary conviction did not prejudice defendant "in the way that Ross was prejudiced").

Moreover, the purpose of the evidence here was not "solely to prove the defendant's status as a convicted felon," because OCGA § 16-10-52 (a) also required that the State prove Allen was in lawful custody of the State at the time of his escape. See *Norris v. State*, 227 Ga. App. 616, 617 (1) (489 SE2d 875) (1997) (trial court not required to accept defendant's stipulation offer because "the lawful confinement of the appellant at the time of his escape was a necessary element of [the felony escape] offense") (punctuation omitted). As a result, the trial court did not abuse its discretion in denying Allen's motion in limine to prevent the introduction of evidence related to his prior convictions.

2. Allen alleges that the trial court erred by allowing the State to introduce certified copies of his convictions on the armed robbery charges, which were pending against him at the time of his escape. Finding that the trial court properly determined that Allen opened the door to the introduction of such evidence for the limited purpose of impeachment, we disagree.

Here, Allen testified in his own defense that he was coerced into leaving the detention center as a result of the threats and beatings he received when he refused to take a plea in his upcoming trial for 14 counts of armed robbery, as well as numerous lesser crimes related to those robberies. Allen stated that the detective investigating those crimes told him that "[w]e need to make a deal, that we can get you on some [of the charges], some we can't, but we're going to make a deal today." Allen also suggested that he was not guilty of the charges when he testified that "I didn't want to run, because I felt like . . . if [the detective and officers threatening him] really had situations where I'm guilty of something, then why would they need to come to the jail and coerce me?"

By implying that he did not commit the armed robberies that he was charged with at the time of his escape, Allen opened the door to evidence that he was, in fact, convicted by a jury for each of those 14 armed robberies. See *Porter v. State*, 254 Ga. 388, 389 (2) (330 SE2d 94) (1985) ("Where the defendant 'falsely denies past criminal conduct . . . the State is entitled to impeach the defendant, as it would be entitled to impeach any witness who swore falsely,˙by showing the untruth of the statement.' ") (citation and punctuation omitted); see also *Kyler v. State*, 270 Ga. 81, 83 (7) (508 SE2d 152) (1998) ("A witness's credibility may be impeached upon showing conviction for a crime of moral turpitude, or upon introducing a certified copy of a prior felony conviction.") (citation and footnotes omitted).

In addition, Allen testified that

> I wasn't escaping from justice. . . . [M]y life was threatened, and I'm just the type of guy [who i]nstead of laying down to a situation, . . . I would definitely try to develop a way to get out of it . . . where my whole body is intact. . . . I've been through a lot in my life, and one thing I learned is [to] try to deal with things head on; if not, [to] try to work around it, and that's what I try to do. I didn't want to be in a situation where somebody was hurting me or I was hurting anybody.

At the time of his trial for escape, OCGA § 24-9-20 (b) provided that "no evidence of [a defendant's] general bad character or prior convictions shall be admissible unless and until the defendant shall have first put his character in issue." We find that Allen's testimony describing himself as being "the type of guy" who tries not to "hurt[ ] anybody[,]" put his character into issue for purposes of that statute. See *Carswell v. State*, 263 Ga. App. 833, 834 (2) (589 SE2d 605) (2003) (defendant's testimony that he always walked away from violent situations opened the door to evidence that tended to show otherwise). As a result, the trial court did not abuse its discretion by permitting the State to introduce evidence of Allen's prior convictions.

3. Allen also claims that the trial court erred in instructing the jury that Allen could be impeached by proof that he "has been convicted of a crime involving moral turpitude." Given our holding in Division 2, supra, that the trial court did not err in allowing the State to introduce evidence of Allen's prior convictions for purposes of impeachment, the trial court was also authorized to charge the jury on impeachment by a prior conviction for a crime of moral turpitude. *Spickler v. State*, 276 Ga. 164, 168 (7) (575 SE2d 482) (2003).

4. Allen alleges that the trial court erred in prohibiting his trial counsel from stating during his closing argument that "[u]nless you can honestly say, 'yes, he did it,' without any reservations or any qualifications, then you must acquit." A trial court is vested with broad discretion to determine when arguments made by trial counsel are improper. See *Woodham v. State*, 263 Ga. 580 (1) (a) (439 SE2d 471) (1993). Here, the trial court allowed Allen's trial counsel to include a statement during his closing argument that "[u]nless you can honestly say without any reservations or qualifications that the State has proven [Allen] guilty *beyond a reasonable doubt*, then you

must acquit." (Emphasis supplied.) Given that the latter was closer to the applicable law (see OCGA § 16-1-5), we find no abuse of discretion.

5. Allen also claims that the trial court erred in sentencing him as a recidivist pursuant to OCGA § 17-10-7 (a). We disagree.

OCGA § 16-10-52 (b) (1) provides that "[a] person who, having been convicted of a felony, is convicted of the offense of escape shall be punished by imprisonment for not less than one nor more than ten years." In addition, OCGA § 17-10-7 (a) provides that a convicted felon

> who shall afterwards commit a felony punishable by confinement . . . shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense . . . provided that . . . the trial judge may . . . probate or suspend the maximum sentence prescribed for the offense.

Here, the trial court used Allen's prior convictions for aggravated assault, robbery, battery, and theft by taking to sentence Allen as a recidivist pursuant to OCGA § 17-10-7 (a). Allen was thereby sentenced to the maximum of ten years under OCGA § 16-10-52 (b) (1), which the trial court provided would be served consecutive to the sentences Allen was currently serving (which included fourteen life terms for the fourteen armed robbery convictions), with the first five years to be served in prison and the remaining five years to be served on probation.

Allen claims that the trial court "used up" his convictions for aggravated assault, robbery, battery, and theft by taking in proving that he had been previously convicted of a felony or misdemeanor at the time of his escape (as required by OCGA § 16-10-52 (a) (1)), and that such convictions could not, therefore, be used to establish that he was a recidivist. See *Arkwright v. State*, 275 Ga. App. 375, 376 (1) (620 SE2d 618) (2005).

While OCGA § 16-10-52 (a) (1) requires that the State show a defendant had previously been convicted of a felony or misdemeanor at the time of his or her escape from lawful custody, the sentencing provision of OCGA § 16-10-52 (b) (1) speaks of a defendant's status as a convicted felon at the time of his or her *conviction* for escape. Here, any one of Allen's fourteen convictions for armed robbery would support his being sentenced as a convicted felon pursuant to OCGA § 16-10-52 (b). As a result, Allen's previous convictions for aggravated assault, robbery, battery, and theft by taking remained available to sentence him as a recidivist pursuant to OCGA § 17-10-7 (a).

6. Finally, Allen claims that he was denied effective assistance of counsel based on his trial counsel's failure to object to the introduction of a certified copy of his prior convictions for aggravated assault, robbery, battery, and theft by taking during the sentencing hearing. Based on our holding in Division 5, supra, that the trial court properly relied on such evidence to sentence Allen as a recidivist pursuant to OCGA § 17-10-7 (a), such claim is without merit. See, e.g., *Johnson v. State*, 281 Ga. 229, 231-232 (3) (637 SE2d 393) (2006) (failure to make a meritless objection does not constitute ineffective assistance of counsel).

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED MAY 12, 2008 —
RECONSIDERATION DENIED JUNE 23, 2008 —

*Steven L. Sparger*, for appellant.
*Spencer Lawton, Jr., District Attorney, Christine S. Barker, Assistant District Attorney*, for appellee.