A04A1259. TAYLOR v. THE STATE.
(600 SE2d 675)

ELDRIDGE, Judge.

Following a bench trial upon offenses consolidated for trial, defendant Robert Lee Taylor was convicted of one count of possession of a firearm by a convicted felon (OCGA § 16-11-131), one count of possession of cocaine with intent to distribute (OCGA § 16-13-30 (b)), and three counts of interference with government property, felony (OCGA § 16-7-24 (a)). He was sentenced concurrently as a recidivist to 30 years confinement, to serve 15 years, and the remainder probated. Taylor appeals from the denial of his motion for new trial

variously challenging the sufficiency of the evidence. Finding his claims to be without merit, we affirm.

Viewed in a light most favorable to the verdict, the evidence shows that upon receiving a radio report of a domestic disturbance involving Taylor on July 18, 2001, Deputy Jason Spencer of the Walton County Sheriff's Department proceeded to Taylor's residence. As Deputy Spencer arrived, Taylor emerged from the residence brandishing a pistol. Ordered to "put it up," Taylor took the weapon into the house and stepped back outside unarmed. Rather than entering the residence to seize the weapon at that time, Deputy Spencer and his supervisor, whom Spencer called to the scene as backup, merely spoke to Taylor and departed to await the issuance of a search warrant upon confirmation of Taylor's status as a convicted felon. Such a warrant was later issued. Execution of the warrant occurred on July 26, 2001, and resulted in the seizure of a Ruger semi-automatic .45 caliber pistol. At trial, the handgun was entered in evidence, without objection, as the weapon Deputy Spencer had observed Taylor handle on July 18. That Taylor is a convicted felon is undisputed.

Other evidence showed that, on the morning of May 17, 2002, Lieutenant Mike Matthews, Lieutenant Rodney Sims, and two other patrol officers of the Monroe Police Department went to a local residence on an anonymous tip to execute an outstanding warrant for Taylor's arrest. Taylor was on the front porch of the residence as the officers arrived. Lieutenant Sims placed Taylor under arrest and handcuffed him. Lieutenant Matthews then conducted searches of Taylor's person and the residence. In Taylor's pants pocket, he found a pill bottle containing 39 rocks of crack cocaine, individually bagged, which in the view of the State's expert, was for distribution. Inside the residence, Matthews found additional "baggies" of the type used to package the crack cocaine, a razor blade, and a cell phone.

Taylor was transported to the Walton County Jail. There Taylor's conduct required that he be placed in the isolation cell for his own safety and that of his fellow inmates. Three separate incidents in Taylor's cell followed: one jailer observed Taylor tear away portions of the padded walls of the cell; a second jailer, upon responding to loud noises coming from the cell, found the glass six-inch by six-inch observation window of the door to Taylor's cell cracked (damage which Taylor then admitted was the result of his hitting the window); and a third jailer, by TV monitor observing Taylor handling what appeared to be a rope, went to Taylor's cell where he found the surveillance camera therein torn away from its mounting bracket and dangling from the electrical wiring running to it. The "rope" Taylor used was later determined to be the lining of the suicide gown he wore and long enough to have reached the surveillance camera.

In testifying on his own behalf, Taylor denied any involvement in the July 18 incident involving the handgun upon the alibi that he had been in Atlanta at the time; denied that the pill bottle containing crack cocaine taken from his pants pocket belonged to him, indicating that the bottle and its contents belonged to his brother's girlfriend who brought both into the residence to "set [his brother] up[ ]"; and denied having done any damage to the padded walls of his cell, the surveillance camera therein, or to his cell window. *Held*:

When evaluating the sufficiency of [the] evidence, the proper standard for review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). This Court does not reweigh evidence or resolve conflicts in testimony; instead, evidence[, whether contradictory, in the nature of an admission, or circumstantial,] is reviewed in a light most favorable to the verdict, with deference to the [factfinder's] assessment of the weight and credibility of the evidence. Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court.

(Citation and punctuation omitted.) *Escutia v. State*, 277 Ga. 400, 402 (2) (589 SE2d 66) (2003).

Having reviewed the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Taylor guilty beyond a reasonable doubt of the crimes charged. *Jackson v. Virginia*, supra.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED MAY 25, 2004.

*Lander & Osborne, Steven B. Mizerak*, for appellant.

*W. Kendall Wynne, District Attorney, David E. Boyle, Assistant District Attorney*, for appellee.