A05A2057. PARRAMORE v. THE STATE.
(626 SE2d 567)

BERNES, Judge.

Following a jury trial, Clint Edward Parramore was convicted of one count of possession of a firearm by a convicted felon, OCGA § 16-11-131 (b). On appeal, Parramore challenges the sufficiency of the evidence to support his conviction, arguing the State failed to prove that he possessed a firearm. Finding Parramore's claim of error to be without merit, we affirm.

On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict. *Green v. State*, 244 Ga. App. 565 (1) (536 SE2d 240) (2000). We neither assess the credibility of the witnesses nor weigh the evidence, but instead determine only whether a rational trier of fact could have found each of the elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). "Conflicting testimony is a matter of credibility for the finder of fact to resolve. As long as some competent evidence exists, even though contradicted, to support each fact necessary to make out the State's case, we will uphold the factfinder's verdict." (Citation and punctuation omitted.) *Childress v. State*, 251 Ga. App. 873, 876 (2) (554 SE2d 818) (2001).

So viewed, the evidence shows that on December 2, 2003, Deputy Maria Leaman responded to a 911 domestic disturbance call at 7250 Cantrell Road. The call concerned a man threatening that "somebody was going to die" if he did not get the money that he believed he was owed. Upon arrival at the residence, Deputy Leaman observed several males in front of the house. Parramore approached the deputy and identified himself. He stated that he had done some work at his aunt's house and he had not yet been paid, and that "he was mad enough to kill somebody over it." Two additional officers arrived a short time later.

Because of the verbal threats, Deputy Leaman sought and received consent from Parramore to pat him down. She discovered nine .35 caliber bullets in a plastic holder along with another single .35 caliber bullet on Parramore. Parramore claimed that the bullets were for his cousin's rifle, which he used to deer hunt. Both Deputy Leaman and a second deputy heard Parramore's statement in this regard. When Deputy Leaman asked Parramore where the gun was, he responded that it was next door at his mother's house, in the back bedroom where he had been staying.

The deputies and Parramore then traveled next door to 7241 Cantrell Road. Deputy Leaman sought and obtained consent from Parramore's mother to enter her house to look for the gun. Ms. Parramore directed Deputy Leaman and another deputy to the back bedroom, where they found a loaded .44 caliber Marlin rifle and a small cardboard box in which they found an additional 18 rounds.[1] Parramore admitted that he was a convicted felon. After confirming that he had a prior felony conviction for serious injury by vehicle, the deputies arrested Parramore.

While bonding out of jail, Parramore filled out and signed a bond certification on which he listed his address as "7241 Cantrell Rd." Ms. Parramore also testified at trial that, sometime prior to trial, Parramore had lived with her and stayed in the same bedroom in which the gun was found.

In order to violate OCGA § 16-11-131 (b), Parramore needed only to possess — not own — the gun in question. *Reece v. State*, 257 Ga. App. 137, 139 (1) (570 SE2d 424) (2002). Possession can be either actual or constructive. "A person who, though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing is then in constructive possession of it." (Citation and punctuation omitted.) *Simpson v. State*, 213 Ga. App. 143, 144-145 (1) (444 SE2d 115) (1994).

Parramore does not dispute his prior felony conviction, and the following evidence was sufficient to establish that Parramore had constructive possession of the weapon: (1) Deputy Leaman and another deputy testified that Parramore had stated that he was living at his mother's house and staying in the back bedroom; (2) Parramore told the deputies that he used the gun for hunting; (3) Parramore told the deputies that the gun could be located in that bedroom; (4) the deputies actually found the gun in the back bedroom; (5) Ms. Parramore testified that prior to the trial, Parramore had

---

[1] Parramore's assertion that the gun in question did not match the bullets that were found on his person is irrelevant to our analysis.

been staying in the same room that the gun had been found; and (6) Parramore indicated on the bond certification that his address was 7241 Cantrell Road.

Parramore argues that the State's evidence was purely circumstantial and failed to exclude every other reasonable hypothesis except that of his guilt. See OCGA § 24-4-6. Parramore's argument overlooks the fact that his admissions to the deputies constituted direct evidence of his guilt. *Wilson v. State*, 277 Ga. 114, 118 (4) (587 SE2d 9) (2003). The evidence, both direct and circumstantial, was sufficient to enable any rational trier of fact to find Parramore guilty beyond a reasonable doubt of possession of a firearm by a convicted felon. *Jackson v. Virginia*, supra.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED JANUARY 25, 2006.

*Mary Erickson*, for appellant.

*David McDade, District Attorney, Christopher R. Johnson, Assistant District Attorney*, for appellee.