## A06A1681. TANKSLEY v. THE STATE.
(635 SE2d 353)

PHIPPS, Judge.

Genard Tanksley was charged with one count each of burglary, aggravated assault, kidnapping, armed robbery, and possession of a firearm during the commission of other crimes. He was also charged with two counts of possession of a firearm by a convicted felon. At the first phase of a bifurcated trial, Tanksley was acquitted of the first five charged offenses. At the second phase, he was convicted of the two counts of possession of a firearm by a convicted felon. He appeals his convictions, challenging the sufficiency of the evidence, the trial court's admission of an unredacted copy of his prior felony conviction, and the court's failure to recharge the jury on general legal principles in the trial's second phase. Finding the evidence sufficient and no reversible error, we affirm.

Tanksley was charged with burglarizing the home of Allan Keith Smith, committing an aggravated assault on Smith with a blunt object, kidnapping Smith, taking money from Smith by use of a .380 caliber handgun and a 20-gauge shotgun, and possessing the handgun and shotgun during commission of the crimes of armed robbery and kidnapping. The indictment further alleged that Tanksley had been in possession of the handgun and shotgun when the foregoing offenses were committed on February 11, 2003; that he had subsequently been in possession of the handgun when he was arrested on February 28, 2003; and that he had previously been convicted of the felony offense of burglary in 1989.

Smith, who had been drinking quite heavily on the evening of February 11, testified that a child appeared at his door and asked to use the phone because his mother's car had broken down. According to Smith, he was accompanying the child back to his mother's car when he was accosted by two men who were crouched down near his doorway. Smith testified that the men forced their way into his house, hit him in the head with a blunt object, recovered a .380 caliber handgun and a 20-gauge single-barrel shotgun from one of the rooms in his house, forced him to give them thousands of dollars he had hidden in the attic, and then fled with the handgun.

A telephone call placed by the child from Smith's home phone was traced to Tanksley's cell phone. Upon being interviewed by the police, Tanksley consented to a search of his home. Police found a .380 caliber handgun hidden in Tanksley's bedroom. The state proved that this was Smith's handgun by having Smith identify the handgun at trial and by showing that it bore the same serial number as Smith's gun. When a picture of Tanksley was incorporated into a photographic

lineup and shown to Smith prior to trial, Smith positively identified Tanksley as one of his assailants. Smith also positively identified Tanksley at trial.

Tanksley's girlfriend, Mechelle Larisey, testified for Tanksley as an alibi witness. She maintained that Tanksley was at home with her at the time in question and that Lindsey Donald was also there. According to Larisey, the telephone call traced to Tanksley's cell phone was for Donald. Larisey testified that the .380 caliber handgun was also brought into the house by Donald. Testimony given by Smith showed that Donald was a friend of his and that Donald may have been aware of the existence of the large sum of money he had hidden in his attic.

1. In challenging the sufficiency of the evidence, Tanksley relies on the fact that he was acquitted of possession of a firearm during commission of the underlying offenses, and he argues that his convictions of possession of a firearm by a convicted felon were based on circumstantial evidence which failed to exclude every reasonable hypothesis other than guilt.[1]

> [I]n light of the abolition of the inconsistent verdict rule in criminal cases . . . , the issue is not whether an acquittal on one charge would logically necessitate acquittal on another charge on which the jury convicted the defendant; rather the sole question is whether the evidence viewed in favor of the conviction was sufficient to support the guilty verdict.[2]

"The standard for review of the sufficiency of the evidence to support a criminal conviction is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[3]

Contrary to argument advanced by Tanksley, his possession of the handgun and shotgun on February 11 was shown by Smith's direct testimony rather than by circumstantial evidence. The evidence further authorized the jury to find that Tanksley was in actual possession of the handgun on February 21 and that he continued to be in at least constructive possession of it when it was later found in his bedroom on February 28.[4] Viewed in a light most favorable to the

---

[1] See OCGA § 24-4-6.

[2] *Kimble v. State*, 236 Ga. App. 391, 395 (1) (512 SE2d 306) (1999) (citations omitted).

[3] *Thompson v. State*, 277 Ga. 102, 103 (1) (586 SE2d 231) (2003) (punctuation and footnote omitted).

[4] See *Crawford v. State*, 233 Ga. App. 323, 324 (1) (b) (504 SE2d 19) (1998); compare *Wofford*

prosecution, the evidence was thus sufficient to enable any rational trier of fact to have found Tanksley guilty beyond a reasonable doubt of the two counts of possession of a firearm by a convicted felon.

2. Tanksley contends that the trial court erred in admitting a certified copy of his burglary conviction without redacting an attachment that set forth the evidence supporting the conviction.

This issue has, however, been waived by Tanksley's failure to object to admission of the documentation at trial. In *Ross v. State*,[5] our Supreme Court did hold that a defendant charged with possession of a firearm by a convicted felon should be allowed to stipulate to his status as a convicted felon, where his prior felony is not related to the crime being prosecuted and is of a nature likely to inflame the passions of the jury. But this case is distinguishable from *Ross* because Tanksley did not offer to stipulate. Moreover, neither Tanksley's prior burglary conviction nor the facts surrounding it were of a nature likely to inflame the passions of the jury. The defendant in *Ross* had been previously convicted of enticing a minor for indecent purposes; Tanksley was previously convicted of burglarizing his former wife's home and stealing jewelry from it. Admission of the unredacted exhibit did not prejudice Tanksley in the way that Ross was prejudiced.[6]

3. Finally, Tanksley complains of the trial court's failure to recharge the jury on reasonable doubt, presumption of innocence, and other general principles of law in the bifurcated trial's second phase.

It appears without contradiction that the jury returned its verdict in the first phase of the trial approximately two hours after the jury charge had been given; that a lunch break that lasted about an hour was then taken; and that the second phase of the trial was thereupon concluded in less than two hours. Prior to the jurors' return of their verdict in the second phase, the court instructed them on principles of law relating to possession of contraband and asked them to recall all of the earlier instructions it had given them concerning other legal principles.

We find in this case, as in *Ballard v. State*,[7] that whether or not it was error for the trial court to have failed to recharge the jury fully on reasonable doubt, presumption of innocence, and other general principles of law after the second phase of the bifurcated trial, any such error was harmless considering the short period of time between the two charges.

---

*v. State*, 262 Ga. App. 291 (585 SE2d 207) (2003).

[5] 279 Ga. 365, 366 (2) (614 SE2d 31) (2005).

[6] See *Quinn v. State*, 255 Ga. App. 744, 747-748 (3) (566 SE2d 450) (2002), rev'd on other grounds, *Ross v. State*, supra.

[7] 268 Ga. App. 55, 59 (4) (601 SE2d 434) (2004).

*Judgment affirmed. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED AUGUST 10, 2006.

Peter D. Johnson, for appellant.
Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, for appellee.