A06A2401. BRYANT v. THE STATE.
(641 SE2d 277)

MILLER, Judge.

Following a jury trial, Wayne Bryant was convicted of one count of aggravated assault and one count of possession of a firearm during the commission of a crime. On appeal, Bryant contends that the trial court erred in denying his motion to introduce evidence of the victim's reputation for violence and in charging the jury as to a person's justification in using force to prevent the commission of a forcible felony. Bryant also challenges the sufficiency of the evidence. Discerning no error, we affirm.

On appeal from a criminal conviction, this Court

> view[s] the evidence in the light most favorable to the verdict, and the defendant no longer enjoys a presumption of innocence. We do not weigh the evidence or assess witness credibility, but merely determine whether the evidence was sufficient to find the defendant guilty of the charged offense beyond a reasonable doubt.

(Citations omitted.) *Davis v. State*, 272 Ga. App. 33 (611 SE2d 710) (2005). "Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not

this Court." (Citation and punctuation omitted.) *Taylor v. State*, 267 Ga. App. 588, 590 (600 SE2d 675) (2004).

So viewed, the evidence shows that after Bryant became disrespectful upon being warned against leaving the worksite early without permission, his supervisor knocked him to the ground and held him around his neck. The confrontation ended almost immediately when the supervisor's employer intervened. Some ten to fifteen minutes later, Bryant rushed his supervisor. Initially, the supervisor sought cover in a nearby truck and then ran. Bryant pursued, firing a revolver and hitting his supervisor in the buttocks with his fourth shot. Again, the supervisor's employer intervened to separate the parties, grabbed Bryant's revolver, and called the police. Bryant fled the scene and was later arrested at a friend's home.

At trial, Bryant testified on direct that he had acted in self-defense.

1. Bryant claims that the trial court erred in denying his motion to introduce evidence of his victim's reputation for violence. We disagree.

> Although a defendant can introduce evidence of a victim's prior acts of violence, he must first make a prima facie showing that the victim was the aggressor, that the victim assaulted him, and that he was honestly seeking to defend himself. In other words, defendant must demonstrate that the prior acts would be relevant to a defense of justification.

(Citations and punctuation omitted.) *Felder v. State*, 273 Ga. 844, 846 (4) (545 SE2d 918) (2001).

Here, the parties concede that the victim, Bryant's supervisor, started the fracas and that he assaulted Bryant, leaving only the question of whether Bryant believed he was defending himself at the time he shot the victim. The evidence reveals, however, that the initial altercation had been over for at least ten minutes before Bryant initiated the chase which ended with the shooting. Under these circumstances, we conclude that the trial court properly denied Bryant's motion to introduce evidence of his victim's reputation for violence. Bryant failed to make a prima facie showing that shooting the victim supervisor was justified, i.e., that "[he] was honestly trying to defend himself against the unarmed victim." *Felder*, supra, 273 Ga. at 846 (4).

2. Further, Bryant contends that the trial court erred in charging the jury as to the affirmative defense of justification in using force to prevent the commission of a forcible felony in that he failed to charge the jury that the offense of terroristic threats and acts constituted such a felony. Again, we disagree.

The record shows that upon a colloquy with the trial court at its charge conference, trial counsel requested that the trial court either instruct the jury as it did *or* give the charge which she now complains should have been given. Accordingly, the instant claim of error is waived on appeal. See *Smith v. State*, 267 Ga. 372, 375 (4) (477 SE2d 827) (1996) ("It is well settled that a party cannot challenge on appeal an action that his own conduct aided in causing. [Cit.]").

3. The evidence, inclusive of the testimony of the witnesses to the assault, was sufficient to enable a rational trier of fact to find Bryant guilty beyond a reasonable doubt of the charged offenses. OCGA §§ 16-5-21 (a) (2); 16-11-106; *Jackson v. Virginia*, 443 U.S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED JANUARY 19, 2007.

*Jeffrey L. Grube*, for appellant.
*Kelly R. Burke, District Attorney, Timothy M. Marlow, Assistant District Attorney*, for appellee.