## A07A1311. DAVIS v. THE STATE.
### (653 SE2d 107)

MIKELL, Judge.

Under an indictment issued on March 24, 2005, Quinton Darone Davis, Charles Thomas Outlaw, Jr., and Jessie Lee Galli were charged with two counts of armed robbery and one count of possession of a firearm during the commission of a felony; Davis was also charged with one count of possession of a firearm by a convicted felon. In the first phase of a bifurcated trial held September 19-23, 2005, a jury acquitted Davis, Outlaw, and Galli on all of the first three counts. Immediately thereafter, following a stipulated bench trial at which the state presented evidence of Davis's prior felony conviction, the trial court found Davis guilty of possession of a firearm by a convicted felon and sentenced him to five years in prison. Davis appeals the denial of his motion for new trial, asserting that the jury verdict of acquittal barred the trial court from finding him guilty of possession of a firearm by a convicted felon, and that his waiver of the right to a jury trial as to this charge was ineffective. Finding no reversible error, we affirm.

At the first phase of the bifurcated trial, the jury heard evidence that on November 7, 2004, Rodney Conkin, Sean Charles, and a female named Chelsey were in a hotel room when Davis, Galli, and Outlaw entered. After a few minutes, Galli pulled out a handgun and pointed it at Conkin's head, demanding that Conkin and Charles get down on the floor. Galli held the gun while Davis and Outlaw ransacked the room for valuables. Davis and Outlaw took cash and a cell phone from Conkin and took Charles's wallet and cell phone. Then Davis, Galli, and Outlaw fled the hotel room. Conkin summoned the police, and later he and Charles were able to identify Galli as the individual holding the gun and Davis and Outlaw as the other two participants in the robbery.

1. In his first enumeration of error, Davis contends that, because the jury failed to convict him of armed robbery and of possession of a firearm during the commission of a felony in the first phase of the trial, the trial court was therefore barred from convicting him of

possession of a firearm by a convicted felon in the second phase of the bifurcated trial. Davis further argues that the evidence showed that it was Galli who possessed the weapon, and that no evidence was adduced showing that Davis was at any time in actual possession of a firearm.

Davis essentially argues that the guilty verdict issued by the bench was inconsistent with the jury's verdict of acquittal. A similar situation occurred in *Tanksley v. State*.[1] There, in the first phase of a bifurcated trial, the defendant was acquitted of burglary, aggravated assault, kidnapping, armed robbery, and possession of a firearm during the commission of other crimes, but, in the second phase, he was convicted of possession of a firearm by a convicted felon.[2] The Court noted that

> [i]n light of the abolition of the inconsistent verdict rule in criminal cases, the issue is not whether an acquittal on one charge would logically necessitate acquittal on another charge on which the jury convicted the defendant; rather the sole question is whether the evidence viewed in favor of the conviction was sufficient to support the guilty verdict.[3]

Under the standard of *Jackson v. Virginia*,[4] the evidence is sufficient to support a criminal conviction if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[5] In *Tanksley*, both phases of the bifurcated trial were heard by a jury.[6] In the case at bar, however, the jury heard the first phase and the trial court heard the second phase.[7] Because both jury and judge were acting as finders of fact, however, the same standard applies to determine the sufficiency of the evidence supporting the verdicts reached.[8]

---

[1] 281 Ga. App. 61 (635 SE2d 353) (2006).

[2] Id.

[3] (Punctuation and footnote omitted.) Id. at 62 (1). See *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986) (abolishing inconsistent verdict rule in criminal cases).

[4] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[5] (Citation omitted; emphasis in original.) Id. at 319 (III) (B); accord *Thompson v. State*, 277 Ga. 102, 103 (1) (586 SE2d 231) (2003).

[6] *Tanksley*, supra.

[7] See generally *Lattimore v. State*, 282 Ga. App. 435 (638 SE2d 848) (2006) (jury ruled on first phase and court ruled on second phase in bifurcated trial).

[8] Compare, e.g., *Parramore v. State*, 277 Ga. App. 372 (626 SE2d 567) (2006) (standard applied in review of jury verdict), and *Taylor v. State*, 267 Ga. App. 588, 590 (600 SE2d 675) (2004) (standard applied in review of verdict in bench trial).

Here, even though the jury did not find that the defendants committed armed robbery, the evidence adduced at trial authorized the trial court, acting as factfinder, to find that Davis was a convicted felon (a fact not contested by Davis) and that the co-defendants conspired to possess a firearm. Because the act of any one of the conspirators is the act of all, and because Davis's co-conspirator Galli possessed the weapon, it follows that Davis was in constructive possession of the weapon.[9] "Constructive possession is sufficient to show a violation of the offense of possession of firearm by a convicted felon."[10] Thus, this enumeration of error fails.

2. In his second enumeration of error, Davis contends that he did not effectively waive his right to a jury trial in the second phase of the trial, because there was no colloquy between Davis and the trial court regarding his waiver of a jury trial. Although Georgia appellate courts have often noted that "it would be preferable to have defendant's personal participation spread on the record in open court, to forestall subsequent claims of lack of participation or an intelligent or knowing waiver,"[11] nonetheless, there is "no legal precedent requiring an 'in court' waiver of the right of a jury trial."[12]

"A defendant's right to trial by jury is one of those fundamental constitutional rights that the defendant must personally, knowingly, voluntarily, and intelligently choose to waive."[13] When the defendant challenges the validity of his waiver of this right,

> the [s]tate bears the burden of showing that the waiver was made both intelligently and knowingly, either (1) by showing on the record that the defendant was cognizant of the right being waived; or (2) by filling a silent or incomplete record through the use of extrinsic evidence which affirmatively shows that the waiver was knowingly and voluntarily made. The question of whether a defendant is capable or incapable of making a knowing and intelligent waiver of his rights is to be answered by the trial judge and will be accepted by this [C]ourt unless such determination is clearly erroneous.[14]

---

[9] See *Moses v. State*, 265 Ga. App. 203, 213 (6) (c) (593 SE2d 372) (2004).

[10] (Citation omitted.) *Slater v. State*, 209 Ga. App. 723, 724 (1) (434 SE2d 547) (1993).

[11] (Citation omitted.) *Wooten v. State*, 162 Ga. App. 719, 720 (293 SE2d 11) (1982); accord *Balbosa v. State*, 275 Ga. 574, 575 (1) (571 SE2d 368) (2002) ("To ensure that [defendant] waived his right to a jury trial voluntarily, knowingly and intelligently, the trial court should have conducted a colloquy with [defendant] himself") (citation omitted).

[12] *Wooten*, supra; accord *Gates v. State*, 252 Ga. App. 20, 22-23 (3) (555 SE2d 494) (2001).

[13] (Citation omitted.) *Jenkins v. State*, 259 Ga. App. 47, 48 (1) (576 SE2d 300) (2002).

[14] (Citations and punctuation omitted.) *Whitaker v. State*, 256 Ga. App. 436, 439 (2) (568 SE2d 594) (2002).

In the case at bar, the record does not contain a written waiver of Davis's right to jury trial, nor was there a colloquy between Davis and the court concerning his waiver of this right. At the new trial hearing, however, Davis's trial counsel testified that, as the jury was deliberating in the first phase of the trial, he and Davis "discussed the opportunity of Mr. Davis to have a jury trial as it relates to that count [possession of a firearm by a convicted felon] or a bench trial"; that "our discussions were very short and brief, but we did have that discussion"; and that "the two of [us] made the determination to waive the jury trial." The state thus presented extrinsic evidence demonstrating that the waiver was knowing and voluntary, and even though this evidence conflicted with Davis's later testimony at the hearing on the motion for new trial, we conclude that the trial court's finding that Davis properly waived a jury trial was not clearly erroneous. Accordingly, the trial court's denial of Davis's motion for new trial is affirmed.[15]

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 10, 2007.

*Clark & Towne, David E. Clark, Jessica R. Towne,* for appellant.
*Daniel J. Porter, District Attorney, Lisa A. Jones, Assistant District Attorney,* for appellee.