A08A1506. CHASE v. THE STATE.
(667 SE2d 195)

ANDREWS, Judge.

Melissa Lee Chase appeals from the judgment entered after a bench trial at which she was found guilty under OCGA § 16-6-5.1 of sexual assault against a person enrolled in a school. Chase argues on appeal that she did not knowingly and intelligently waive her right to a jury trial and that the trial court erred in not considering evidence

---

[13] *Wilkerson v. State*, 269 Ga. App. 190, 193 (2) (603 SE2d 728) (2004).

that the victim consented to the sexual encounter. For reasons that follow, we conclude there was no error and affirm.

1. The trial court did not err in holding that Chase's waiver of a jury trial was knowing and voluntary. The record shows that Chase submitted a written waiver of a jury trial to the Court. The Court accepted the written waiver without questioning Chase. Chase argues that before accepting the waiver, the trial court should have made an "in depth inquiry of Chase to ensure that the waiver was valid."

The written waiver signed by Chase was not a one-sentence document, but was instead a comprehensive waiver of the right to a jury trial. The waiver stated that Chase was represented by counsel; that she knew and understood all of her constitutional and due process rights, including her right to a jury trial; that she did not want to be tried by jury but wanted all issues to be tried by the court; and, that she understood that she was giving up her constitutional right to trial by jury and "freely and voluntarily waives said right, after conferring with her attorney."

> [B]efore a trial judge accepts a written waiver of the right to a jury trial, it would be preferable for the judge to question the defendant on the record to ensure that the defendant personally has made a voluntary, knowing, and intelligent waiver of his or her right to a jury trial. A few questions directed to the defendant by the trial judge would protect the right and help to avoid subsequent claims that the right was not personally, voluntarily, knowingly, and intelligently waived.

(Citation and punctuation omitted.) *Capestany v. State*, 289 Ga. App. 47, 50, n. 6 (656 SE2d 196) (2007).

But,

> [a]lthough Georgia appellate courts have often noted that it would be preferable to have defendant's personal participation spread on the record in open court, to forestall subsequent claims of lack of participation or an intelligent or knowing waiver, nonetheless, there is no legal precedent requiring an in court waiver of the right of a jury trial.

(Punctuation and footnotes omitted.) *Davis v. State*, 287 Ga. App. 783, 785 (653 SE2d 107) (2007).

Once Chase raised the issue, it became the State's burden to prove that the waiver was freely and voluntarily made.

A criminal defendant must personally and intelligently participate in the waiver of the constitutional right to a trial by jury. When the purported waiver of this right is questioned, the State bears the burden of showing the waiver was made both intelligently and knowingly, either (1) by showing on the record that the defendant was cognizant of the right being waived; or (2) by filling a silent or incomplete record through the use of extrinsic evidence which affirmatively shows that the waiver was knowingly and voluntarily made.

(Citation, punctuation and footnote omitted.) *Payne v. State*, 217 Ga. App. 386, 387 (460 SE2d 297) (1995).

Here, at the hearing on Chase's motion for new trial, the State questioned trial counsel about his discussions with Chase concerning the jury trial waiver. Trial counsel testified that he was concerned about the "sexual orientation" issue if the case went to a jury trial. Also, he discussed with Chase the need to focus on sentencing and what the likely punishments would be in a jury trial versus a bench trial. When asked "Did she appear to know and understand that if she wanted a jury trial that she could have a jury trial," counsel responded, "Yes."

"The question of whether a defendant is capable of making a knowing and intelligent waiver of his rights is to be answered by the trial judge, and this Court will accept that determination unless it is clearly erroneous." (Footnote omitted.) *Harris v. State*, 269 Ga. App. 234, 235 (603 SE2d 749) (2004). Here, in light of Chase's comprehensive written waiver and the testimony of trial counsel, we conclude that the trial court's finding that Chase knowingly and voluntarily waived a jury trial was not clearly erroneous. See *Davis v. State*, 287 Ga. App. 783, 786 (653 SE2d 107) (2007) (even though defendant did not sign written waiver and there was no colloquy in court concerning defendant's waiver of the right to a jury trial, the State provided extrinsic evidence at the motion for new trial hearing demonstrating that the waiver was knowing and voluntary).

2. Chase also argues that because the victim consented to the relationship, she could not be found guilty of sexual assault under OCGA § 16-6-5.1. We disagree.

The undisputed evidence at trial was that Chase and the victim, a 16-year-old student at the school where Chase was her physical education teacher, developed a sexual relationship. The victim testified that she started the relationship with Chase and still had feelings for her.

OCGA § 16-6-5.1 provides, in pertinent part:

. . .

(b) A probation or parole officer or other custodian or supervisor of another person referred to in this Code section commits sexual assault when he or she engages in sexual contact with another person who is a probationer or parolee under the supervision of said probation or parole officer or who is in the custody of law or who is enrolled in a school or who is detained in or is a patient in a hospital or other institution and such actor has supervisory or disciplinary authority over such other person. . . .

(c) (1) A person commits sexual assault when such person has supervisory or disciplinary authority over another person and such person engages in sexual contact with that other person who is:

(A) In the custody of law; or

(B) Detained in or is a patient in a hospital or other institution.

(2) A person commits sexual assault when, as an actual or purported practitioner of psychotherapy, he or she engages in sexual contact with another person who the actor knew or should have known is the subject of the actor's actual or purported treatment or counseling, or, if the treatment or counseling relationship was used to facilitate sexual contact between the actor and said person.

(3) Consent of the victim shall not be a defense to a prosecution under this subsection.

Chase argues that subsection (c) (3) applies only to those instances listed in subsections (c) (1) and (c) (2), and schools are not included in those subsections.

But, this Court has previously held that OCGA § 16-6-5.1 was enacted to impose criminal penalties for just this type of consensual sexual relationship between a teacher and a student. *State v. Eastwood*, 243 Ga. App. 822, 824 (535 SE2d 246) (2000). See also *Randolph v. State*, 269 Ga. 147 (496 SE2d 258) (1998) (noting that OCGA § 16-6-5.1 was amended in 1990 to add "a person who is enrolled in a school" to the class of victims who are considered to be "in custody," and affirming judgment against principal who engaged in a sexual relationship with a student).

Accordingly, we hold that the student in this case could not consent to the sexual relationship with Chase. Therefore the trial court did not err in ruling that consent was not a defense under OCGA § 16-6-5.1.

*Judgment affirmed. Ruffin, P. J., and Bernes, J., concur.*

DECIDED AUGUST 25, 2008 — 

*Victor Hawk*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.