## A11A0656. MURRAY v. THE STATE.
### (711 SE2d 387)

BARNES, Presiding Judge.

In a bifurcated trial, a jury first acquitted Henry Murray of numerous felony charges and then convicted him of two counts of possession of a firearm by a convicted felon. On appeal, he argues that the evidence that he possessed the firearms was insufficient. Because the State's evidence was sufficient to establish Murray had at least constructive possession of the guns as a co-conspirator to the other crimes, we affirm.

Murray and three co-defendants were indicted on multiple counts of burglary, aggravated assault, kidnapping, armed robbery, wearing masks, and other crimes. Murray and co-defendant Anthony Mack were also charged with two counts each of possession of a firearm by a convicted felon. Co-defendant Ashley Nicole Anderson pled guilty to two counts of conspiracy to commit armed robbery and drug possession, and testified for the State.

During a four-day trial, the victims testified about a home invasion, during which three masked gunmen entered each of the adjacent apartments of two victims, who were brother and sister. The men demanded money, pistol-whipped and bound the victims, and made them lie on the floor with their faces covered while they ransacked the homes. The son of one victim returned home during the crime, and was also struck and bound. The son convinced the men to take him to the house of a friend, who gave the gunmen $750. The men then abandoned the car, which belonged to one of the victims, behind a building, leaving the son tied up in the back seat.

The son freed himself and returned to his apartment, where his uncle was trying to untie his mother. While waiting for the police and ambulance, the uncle told the son that co-defendant Anderson had been to his apartment twice that day, which was unusual. The son and a friend went looking for Anderson, and called the police when they found her and three men at a Huddle House. Responding officers approached Anderson's car and began talking to the three men sitting inside, and to Anderson when she came out of the restaurant. Murray was seated in the back. After the police made everyone exit the car and placed them in separate patrol cars, the son approached and identified the three men as the ones who had

assaulted him and his family.

An officer searched the car due to a strong odor of marijuana coming from it, and discovered two black masks and two pairs of black gloves under the back seat, a third mask and two handguns in the glove box, and items later identified as belonging to the victims. The son's driver's license was found in Anderson's purse.

Anderson testified that she had ridden to Georgia from her home in Florida to visit a relative, and the three men came with her in a car rented by Murray's mother. According to her, Murray instigated the conversation about the proposed crimes during the drive. She dropped the men at the victims' apartment building and watched them go inside. She heard "a lot of commotion" and saw the men lead the son to his mother's car and drive away. She followed them and picked them up after they abandoned that car. When asked if she had seen them with any guns, she responded, "When they got ready to exit the car." The State then asked whether she had seen them with guns "[w]hen they got ready to go into the house," and Anderson responded affirmatively. She testified she had seen the guns before, in Florida at the house of a co-defendant's girlfriend. She saw co-defendant Christopher McIntosh remove a gun from his jacket and put it in the glove box after the robbery but did not know how the other gun came to be there.

The jury acquitted all of the defendants of all the offenses tried during this first phase of the trial. The trial court then advised the jury that Murray and a co-defendant were also charged with two counts each of possession of a firearm by a convicted felon. During this phase, the State introduced without objection certified copies of three felony convictions against Murray and one felony conviction against McIntosh. Murray and McIntosh testified and denied owning or possessing the guns found in the glove box of the rental car. McIntosh testified that Anderson lied when she said she had seen the guns at his girlfriend's house. In response to a question during cross-examination about whether Anderson had been lying, Murray responded that Anderson never said he had possessed guns, only that she had seen them at someone else's house. After the jury convicted both men of the gun charges, the trial court sentenced them each to five years in confinement on each count, to be served consecutively.

Murray argues on appeal that his convictions were based on insufficient evidence because no rational factfinder could have found him guilty beyond a reasonable doubt of the firearms charges, because the State presented no evidence that he had actually possessed the guns. Evidence that he was a back seat passenger in the car with no ready access to the guns was insufficient to prove he had constructive possession of the guns, he argues.

We consider the evidence in the light most favorable to the

verdict, and neither weigh it nor decide witness credibility. *Parramore v. State*, 277 Ga. App. 372 (626 SE2d 567) (2006). The test for sufficiency is whether any rational trier of fact could have found the central elements of the crime beyond a reasonable doubt. *Davis v. State*, 287 Ga. App. 783, 784 (1) (653 SE2d 107) (2007) (citing *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979)). In this state, the fact that a verdict of acquittal on one count is inconsistent with a verdict of guilty on another count does not invalidate the guilty verdict. *Tanksley v. State*, 281 Ga. App. 61, 62 (1) (635 SE2d 353) (2006). Thus, "the issue is not whether an acquittal on one charge would logically necessitate acquittal on another charge on which the jury convicted the defendant; rather[,] the sole question is whether the evidence viewed in favor of the conviction was sufficient to support the guilty verdict." Id. Therefore, when deciding on a charge of firearm possession by a convicted felon, the jury may consider all the evidence presented during the first phase of the trial, regardless of the verdict in the first phase. See *Davis*, 287 Ga. App. at 783.

Under OCGA § 16-11-131 (b) a person who has been convicted of a felony "and who receives, possesses, or transports any firearm commits a felony." Constructive possession is sufficient to establish the offense, which can also be established by circumstantial evidence. *Slater v. State*, 209 Ga. App. 723, 724 (1) (434 SE2d 547) (1993). "Constructive possession exists where a person[,] though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing, and it must be based upon some connection between the defendant and the contraband other than spatial proximity." *Cox v. State*, 300 Ga. App. 109, 110 (684 SE2d 147) (2009). When the State's constructive possession case is based wholly on circumstantial evidence, the law requires that "the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." (Citation and punctuation omitted.) *Reid v. State*, 212 Ga. App. 787, 789 (442 SE2d 852) (1994).

Murray does not dispute that he is a convicted felon. His argument is that the State failed to prove he received, possessed, or transported any firearms. Despite the jury's acquittal on the other offenses, however, the evidence would have been sufficient to convict him of burglary, armed robbery, aggravated assault and kidnapping, and thus was also sufficient for the jury to find that Murray and his co-defendants conspired to possess the two handguns. "Because the act of any one of the conspirators is the act of all, and because [Murray's] co-conspirator . . . possessed the weapon, it follows that [Murray] was in constructive possession of the weapon." *Davis*, 287 Ga. App. at 785 (1). "Constructive possession is sufficient to show a

violation of the offense of possession of firearm by a convicted felon." *Slater*, 209 Ga. App. at 724. Accordingly, this enumeration of error is without merit.

*Judgment affirmed. Adams and Blackwell, JJ., concur.*

DECIDED JUNE 7, 2011.

*Timothy L. Eidson, Steven D. Knittle*, for appellant.

*Denise D. Fachini, District Attorney, Cheri L. Nichols, Assistant District Attorney*, for appellee.