**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and DILLARD, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

January 25, 2013

# In the Court of Appeals of Georgia

A12A2399. CARTER v. THE STATE.                          JE-091C

ELLINGTON, Chief Judge.

Following a bench trial in Bulloch County State Court, Derek B. Carter was found guilty of possessing marijuana with intent to distribute, OCGA § 16-13-30 (j); possessing marijuana with intent to distribute within 1,000 feet of a school, OCGA § 16-13-32.4 (a); possessing a firearm during the commission of a crime, OCGA § 16-11-106 (b); and possessing a firearm on school grounds, OCGA § 16-11-127.1. Carter filed a motion for new trial, which the trial court denied. Carter appeals this ruling, challenging the denial of his motion to suppress and the sufficiency of the evidence. For the following reasons, we affirm in part and reverse in part.

Viewed favorably to the trial court's findings,[1] the evidence shows that Georgia Southern University police were investigating alleged marijuana sales, which were taking place from an on-campus apartment. A reliable confidential informant told the police that someone named "Taylor" was selling marijuana. The informant approached Taylor, who had no marijuana. Taylor offered to take the informant to a place where marijuana could be purchased. According to Taylor, he always purchased marijuana "from these guys."

Through the informant, the police arranged two controlled buys. On both occasions, Taylor took the informant to an apartment in the University Villas. Taylor went inside briefly before returning with marijuana. The sales were made by Rahsaan Thompson, one of the residents of the apartment.

Following the sales, an investigator with the police department obtained a warrant for the apartment. The investigator testified that the apartment has a common area with living space and a kitchen and four separate bedrooms, labeled A through D, with locking doors.[2] There were two bathrooms in the apartment, each with access

---

[1] *Hickman v. State*, 311 Ga. App. 544, 545 (716 SE2d 597) (2011).

[2] The investigator who swore out the warrant was aware of the apartment's configuration before obtaining the warrant.

from two of the bedrooms. Although Thompson was the only occupant involved in the sale of marijuana, the police obtained a warrant to search the entire apartment. While searching bedroom B, which was Carter's bedroom, police found, on a desk, a glass jar on a desk containing marijuana, digital scales, and plastic sandwich bags. In a small closet, police discovered a shoe box with marijuana in it and a laundry hamper containing a 22 caliber revolver.

Carter moved to suppress the evidence seized from his room, arguing that the search warrant for the entire apartment was overly broad. Following a bench trial at which the suppression issue was considered, the trial court denied the motion and found Carter guilty.

1. On appeal, Carter contends that the trial court erred in denying the motion to suppress. In reviewing a trial court's ruling on a motion to suppress, we construe the evidence in a light favorable to upholding the trial court's finding and judgment. See *Rowe v. State*, 314 Ga. App. 747, 748 (725 SE2d 861) (2012). We will not disturb the trial court's ruling if there is any evidence to support it, and we accept the trial court's credibility determinations unless clearly erroneous. See id. "The trial court's application of law to undisputed facts, however, is subject to de novo review." (Punctuation omitted.) Id.

3

According to Carter, the search warrant at issue was invalid because it was for a multiple-occupancy dwelling, but failed to describe the *particular* subunit to be searched.

> [T]he general rule is that a search warrant for an apartment house or hotel or other multiple-occupancy building will usually be held invalid if it fails to describe the particular subunit to be searched with sufficient definiteness to preclude a search of one or more subunits indiscriminately. There are, however, exceptions to this general rule. The warrant of a multi-unit structure will be valid where (1) there is probable cause to search each unit; (2) the targets of the investigation have access to the entire structure; or (3) the officers reasonably believed that the premises had only a single unit.

(Citation and punctuation omitted.) *Conrad v. State*, 316 Ga. App. 146, 148-149 (1) (730 SE2d 7) (2012). Here, the magistrate court was authorized to find probable cause for the issuance of the warrant.

In determining whether probable cause supports the issuance of a search warrant, the issuing magistrate "must evaluate all the circumstances set forth in the affidavit before him or her and make a practical, common-sense decision whether there is a fair probability that evidence of a crime will be found in a particular place." (Punctuation omitted.) *Fletcher v. State*, 284 Ga. 653, 655 (3) (670 SE2d 411) (2008).

4

On review, an appellate court "is limited to determining if the magistrate had a 'substantial basis' for concluding that probable cause existed to issue the search warrant, and must afford substantial deference to the magistrate's decision." (Punctuation omitted.) Id. at 655-656.

According to the affidavit presented to the magistrate, a reliable confidential informant had made two controlled buys of marijuana during the past 48 hours. Each time, the informant went with Taylor to the same apartment, and Taylor returned with marijuana. During the buy, police were conducting surveillance of the apartment. Taylor told the police that he always purchased marijuana "from 'these guys' because they always have the best." Based upon this information, the magistrate was authorized to conclude that more than one resident of the apartment was selling marijuana and that there was a substantial basis for believing that evidence of the crime could be found throughout the apartment. As probable cause existed for the issuance of the warrant, the trial court did not err in denying Carter's motion to suppress. See *Conrad v. State*, 316 Ga. App. at 150-151 (1).

2. Carter contends that the evidence was insufficient to support his convictions for possessing a firearm during the commission of a felony and carrying a weapon on school grounds. In reviewing a challenge to the sufficiency of the evidence, we view

5

the evidence in the light most favorable to the verdict. See *Parramore v. State*, 277 Ga. App. 372 (626 SE2d 567) (2006). We neither weigh the evidence nor assess witness credibility. See id. Evidence is sufficient if a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Davis v. State*, 287 Ga. App. 783, 784 (1) (653 SE2d 107) (2007).

(a) Pursuant to OCGA § 16-11-106 (b), it is a felony to "have on or within arm's reach of his or her person a firearm . . . during the commission of, or the attempt to commit . . . [a]ny crime involving the possession, manufacture . . . or possession with intent to distribute . . . marijuana." " [W]hen a defendant is charged under this statute, the evidence is sufficient to sustain a conviction when it is shown at trial that a firearm was within arm's reach of the defendant at any point during the commission of the crime, thus giving the defendant immediate access to the weapon." (Citation and punctuation omitted). *Davenport v. State*, 308 Ga. App. 140, 148 (1) (c) (706 SE2d 757) (2011).

Although circumstantial, the evidence is sufficient to show that the weapon was within arm's reach of Carter during the commission of a crime.[3] The gun was in a

---

[3] Carter gave a statement to police in which he said that Thompson had a gun, but that he did not know the gun was in his room.

laundry hamper in a small closet Although the marijuana was in a shoe box on a shelf, the investigator testified that the shelf and hamper were in close proximity, "[a] matter of maybe a foot [or] two feet." Under these circumstances, the trial court could find that, given the close proximity, Carter passed within reach of the handgun while handling the marijuana. See *Gibson v. State*, 223 Ga. App. 103 (1) (476 SE2d 863) (1996). Accordingly, we find no basis for reversing this conviction.

(b) Under OCGA § 16-11-127.1, it is "unlawful for any person to carry to or to possess or have under such person's control while . . . [on] school property . . . any weapon." According to Carter, there is insufficient evidence that he possessed the gun found in his laundry hamper.

"A person who, though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing is then in constructive possession of it." (Punctuation omitted.) *Peppers v. State*, 315 Ga. App. 770, 772 (728 SE2d 286) (2012). Constructive possession may be established by circumstantial evidence. See *Murray v. State*, 309 Ga. App. 828, 830 (711 SE2d 387) (2011). "When the State's constructive possession case is based wholly on circumstantial evidence, the law requires that the proved facts shall not only be

7

consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." (Punctuation omitted.) Id.

Here, there was evidence found in Carter's bedroom that linked him to the enterprise of selling marijuana. Carter also knew that there was a gun in the apartment, and police found it in Carter's closet along with a shoe box containing marijuana. This evidence was sufficient for the trial court to conclude that Carter had the power and intention to exercise control over the gun. See *Crawford v. State*, 233 Ga. App. 323, 324 (1) (b) (504 SE2d 19) (1998). Although Carter claimed he did not know the gun was in his laundry hamper, Carter's credibility on this issue was for the factfinder to determine. See id.

3. Finally, Carter argues that the evidence is insufficient to sustain his conviction for possessing marijuana with intent to distribute within 1,000 feet of a school. Specifically, he asserts that his college dorm room does not fall within the ambit of OCGA § 16-13-32.4, which criminalizes certain drug offenses "in, on, or within 1,000 feet of any real property owned by or leased to any public or private elementary school, secondary school, or school board used for elementary or secondary education." See OCGA § 16-13-32.4 (a).

"[C]riminal statutes are construed strictly against the State, they must be read according to the natural and obvious import of their language, and their operation should not be limited or extended by application of subtle and forced interpretations." (Punctuation omitted.) *Barber v. State*, 316 Ga. App. 701, 703, n.5 (730 SE2d 176) (2012). As noted by Carter, the statute at issue does not apply to colleges or universities. Compare OCGA § 16-11-127.1 (a) (1) (statute criminalizing weapons in school safety zones applies to elementary or secondary schools, or the campus of any technical schools, vocational schools, colleges or universities). As it is clear that the crime took place on a university campus, OCGA § 16-13-32.4 has no application. It follows that Carter's conviction for this crime must be reversed.

*Judgment affirmed in part; reversed in part. Phipps, P. J., and Dillard, J., concur*.