297 Ga. 229
FINAL COPY

S15A0404. AIKENS v. THE STATE.

BLACKWELL, Justice.

Maurice Aikens was tried by a Fulton County jury and convicted of murder and several other crimes in connection with the fatal shooting of Kyle Moore. Aikens appeals, contending that the evidence is insufficient to sustain one of his convictions, that the trial court erred when it responded to a question submitted by the jury, and that he received ineffective assistance of counsel. We see no error, and we affirm.[1]

---

[1] The crimes were committed on May 3, 2007. Along with Edward Wallace and Ladasha Eison, Aikens was indicted on June 19, 2007, and each was charged with malice murder, felony murder, armed robbery, aggravated assault, and unlawful possession of a firearm during the commission of a felony. In addition, Aikens and Wallace were charged with unlawful possession of a firearm by a convicted felon. Aikens and Wallace were tried together, beginning on February 2, 2009, and Eison was ordered to testify pursuant to a grant of immunity. The jury returned its verdict four days later, finding both Aikens and Wallace guilty of all the crimes with which they were charged. Aikens and Wallace each was sentenced to a term of imprisonment for life for malice murder, a consecutive term of imprisonment for life for armed robbery, and consecutive terms of imprisonment for five years each for unlawful possession of a firearm during the commission of a felony and unlawful possession of a firearm by a convicted felon. The verdict as to felony murder was vacated by operation of law, Malcolm v. State, 263 Ga. 369, 371-372 (4) (434 SE2d 479) (1993), and the aggravated assault merged with the armed robbery. We affirmed Wallace's convictions in Wallace v. State, 296 Ga. 388 (768 SE2d 480) (2015). Eison pled guilty to aggravated assault and was sentenced as a first offender to twelve years, with five years commuted to time served and the balance to be served on probation. Aikens timely filed a motion for new trial on March 4, 2009, and he amended it on November 12, 2010. The trial

1. Viewed in the light most favorable to the verdict, the evidence shows that, on the evening of May 3, 2007, Aikens, his friend Edward Wallace, and his girlfriend Ladasha Eison conspired to commit a robbery at a bus stop near the Lakewood MARTA station. When Moore — a 17-year-old high school student who was unknown to the assailants — arrived at the bus stop, Wallace and Aikens ran up to him while Eison stood as a lookout. Wallace pointed a gun at Moore, and Wallace and Aikens took Moore's wallet (which contained no cash) and his cell phone. Wallace then shot Moore multiple times, including in the chest, and Moore died from his wounds soon thereafter. Aikens, Wallace, and Eison met up later that evening at Wallace's home, and the men agreed that Aikens would keep Moore's cell phone and Wallace would keep his wallet. Aikens later told Eison that he had sold the cell phone, and she saw the cash that he had received for it.

Eison told several of her co-workers about the crimes, and one of her co-workers contacted the police. When police officers interviewed Eison, she initially lied to them, but she later admitted to the roles played by Aikens,

court denied his motion on August 15, 2012. Aikens timely filed a notice of appeal on September 13, 2012. The case was docketed in this Court for the January 2015 term and submitted for decision on the briefs.

2

Wallace, and herself in the robbery and murder. And ballistics testing confirmed that a 9mm handgun found by police officers in Wallace's bedroom was the gun used to kill Moore.

Aikens claims that the evidence is insufficient to support his conviction for the unlawful possession of a firearm by a convicted felon because the evidence showed that Wallace never allowed him to exercise any control over the gun. Even so, the evidence showed that Aikens and Wallace conspired to commit a robbery at the bus stop with a firearm. Because the foreseeable acts of any one of the co-conspirators in furtherance of the conspiracy might properly be attributed to all of the co-conspirators, the evidence was sufficient to show that Aikens was in constructive possession of Wallace's gun. See Murray v. State, 309 Ga. App. 828, 830 (711 SE2d 387) (2011); Davis v. State, 287 Ga. App. 783, 785 (1) (653 SE2d 107) (2007); Moses v. State, 265 Ga. App. 203, 213 (6) (c) (593 SE2d 372) (2004).

Aikens does not dispute that the evidence is legally sufficient to sustain his other convictions. We nevertheless have independently reviewed the record, with an eye toward the legal sufficiency of the evidence, and we conclude that the evidence adduced at trial was legally sufficient to authorize a rational trier

3

of fact to find beyond a reasonable doubt that Aikens was guilty of all of the crimes of which he was convicted. Jackson v. Virginia, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

2. Aikens claims that the trial court erred when it responded to a question submitted by the jury. During its deliberations, the jury asked if the instruction on the count charging Aikens and Wallace with unlawful possession of a firearm during the commission of a felony (which stated that possession included having a firearm "within arm's reach") also applied to the "other counts." After consulting with the lawyers for Aikens and Wallace as well as the prosecuting attorney, the trial court proposed instructing the jurors that "they have received all the applicable law . . . and it is for them to decide this case based upon the law as I've given them . . . and the facts as they find them to be." Aikens's lawyer said that he had no suggestions to improve the proposed response, and the trial court provided that response to the jury.

Here, even assuming that Aikens did not invite any error when his lawyer said that he had no suggestions about the trial court's proposed response to the jury's question, see Hicks v. State, 295 Ga. 268 (2) (759 SE2d 509) (2014), his failure to object to the response means that "appellate review is available only

4

if the court's response constituted plain error affecting the substantial rights of the parties." Redding v. State, 296 Ga. 471, 473 (2) (769 SE2d 67) (2015) (citation omitted). The trial court's initial charges to the jury were correct. And despite Aikens's claim that the jury may have convicted him of unlawful possession of a firearm by a convicted felon based merely upon his spatial proximity to Wallace's gun, it seems highly likely that he was convicted of that crime based upon his constructive possession of the firearm held — and used in furtherance of the planned robbery — by his co-conspirator, as described in Division 1. As a result, there is no reason to believe that the trial court's failure to provide a more specific answer to the jury's question affected his "substantial rights" in any way. See OCGA § 17-8-58 (b).

3. Finally, Aikens contends that he was denied the effective assistance of counsel at his trial. To prevail on his claim of ineffective assistance, Aikens must prove both that the performance of his lawyer was deficient and that he was prejudiced by this deficient performance. Strickland v. Washington, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984). To prove that the performance of his lawyer was deficient, Aikens must show that the lawyer performed his duties at trial in an objectively unreasonable way, considering all

5

the circumstances, and in the light of prevailing professional norms. Id. at 687-688 (III) (A). See also Kimmelman v. Morrison, 477 U. S. 365, 381 (II) (C) (106 SCt 2574, 91 LE2d 305) (1986). And to prove that he was prejudiced by the performance of his lawyer, Aikens must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U. S. at 694 (III) (B). See also Williams v. Taylor, 529 U. S. 362, 391 (III) (120 SCt 1495, 146 LE2d 389) (2000). This burden, although not impossible to carry, is a heavy one. See Kimmelman, 477 U. S. at 382 (II) (C). We conclude that Aikens has failed to carry his burden.

Aikens claims that he was denied effective assistance because his trial lawyer allowed the State to introduce evidence of some of his prior crimes.[2] We disagree. First, Aikens complains that — instead of stipulating that he had been convicted in 2005 of unlawful possession of a firearm, which was the predicate

---

[2] Aikens also says that he received ineffective assistance because his trial lawyer failed to object to the court's response to the jury's question about the definition of "possession," but – as discussed in Division 2 – Aikens has not shown that he was harmed by the way the trial court responded to the question.

felony listed in the count of the indictment charging him with unlawful possession of a firearm by a convicted felon — his trial lawyer allowed the State to introduce evidence about other crimes that Aikens had been accused of committing. Indeed, the record shows that, near the close of evidence, the prosecuting attorney introduced an exhibit that, the prosecuting attorney informed the jury, showed Aikens had been convicted in 2005 of unlawful possession of a firearm. Aikens offered no objection to the exhibit, and it was admitted into evidence. Had Aikens's trial lawyer examined the exhibit, however, he would have discovered that, in addition to showing that Aikens pled guilty to unlawful possession of a firearm, the exhibit also showed that he had been indicted for aggravated assault with a deadly weapon (and that the State placed that charge on the dead docket), and that he had been arrested for possession of a sawed-off shotgun (and that the State declined to prosecute him for committing that crime).

While it may have been objectively unreasonable for Aikens's trial lawyer to allow the State to introduce an exhibit that referenced allegations of these additional crimes when he could have stipulated to Aikens's status as a convicted felon or requested that the exhibit be redacted, Aikens has failed to

establish that he suffered any prejudice as a result. First, the trial court properly instructed the jury to consider the 2005 charges for the limited purpose of establishing the "convicted felon" element of the unlawful possession charge. Cf. Poole v. State, 291 Ga. 848, 857 (8) (734 SE2d 1) (2012). In addition, the prosecuting attorney did not mention the indictment for aggravated assault or the arrest for possession of a sawed-off shotgun, and even if the jury had noticed the references to those crimes in the exhibit, the jury also would have seen that the State did not pursue those charges to trial. See Jones v. State, 280 Ga. 205, 208 (2) (b) (625 SE2d 1) (2005) (non-redacted indictment including irrelevant charges was not prejudicial because "it showed that the [other] initial charges were either reduced or dead docketed"). Given the overwhelming evidence of Aikens's guilt, see also Wallace v. State, 296 Ga. 388, 391 (4) (a) (768 SE2d 480) (2015), it is not reasonably probable that the non-redacted exhibit made any difference in the jury's verdict.

Second, Aikens claims that his trial lawyer's performance was deficient because he failed to object when Eison alluded to the fact that Aikens had been involved in selling drugs. During her testimony, Eison was asked to clarify a

8

previous statement she had made about how she and Aikens had been struggling to pay their rent. Eison responded that

> when I [said] "struggling," sometimes he — he hustles. So my money may go to him, rent up on his dope, and we may not have enough money at the time to pay for rent, but we'll come up with it. . . . I should have made myself clear when [the investigator] asked me the question [about needing money for rent].

While Aikens says that his lawyer should have objected to this testimony, an objection would only have drawn the jury's attention to what was otherwise a somewhat indirect statement about Aikens's involvement in the drug trade that was not directly responsive to the question being posed. See Rivers v. State, 271 Ga. 115, 117 (2) (b) (516 SE2d 525) (1999). In any event, the main point of the testimony at issue — which clarified and limited Eison's earlier statement that she and Aikens were "struggling" to pay rent — was beneficial to Aikens because it tended to show that he did not have as strong of a financial motive to participate in a robbery as the earlier statement might otherwise have suggested.

9

Aikens has not established that the failure to object to this testimony was deficient performance.

Finally, Aikens asserts that his trial lawyer should have objected to testimony by an acquaintance of Eison about how Aikens threatened and beat both her and Eison. But this evidence was directly relevant to the crimes related to the murder of Moore because it showed that Aikens threatened and beat Eison after she talked to the police about the murder and that he pushed the acquaintance after the police called to question her during their investigation. And "[e]vidence which is relevant to an issue in a case is not rendered inadmissible by the fact that it incidentally puts the defendant's character in issue." Sterling v. State, 267 Ga. 209, 211 (4) (477 SE2d 807) (1996) (citations and punctuation omitted). Because "[t]here is no deficient performance when an attorney fails to object to admissible evidence[,]" Perera v. State, 295 Ga. 880, 884-885 (3) (b) (763 SE2d 687) (2014) (citation and punctuation omitted), this enumeration of error has no merit.

Judgment affirmed. All the Justices concur.


Decided June 1, 2015.

Murder. Fulton Superior Court. Before Judge Brasher.

10

Gerard B. Kleinrock, for appellant.

Paul L. Howard, Jr., District Attorney, Paige Reese Whitaker, Marc A. Mallon, Peggy R. Katz, Assistant District Attorneys; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Matthew B. Crowder, Assistant Attorney General, for appellee.