A03A1760. MITCHELL v. THE STATE.
(586 SE2d 709)

BLACKBURN, Presiding Judge.

Bernard Mitchell appeals his conviction by a jury of child molestation, arguing that the evidence is insufficient to support his conviction. For the reasons set forth below, we affirm.

The standard of review for sufficiency of the evidence is set out in *Jackson v. Virginia*.[1] The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. In addition, appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses.

(Punctuation and footnote omitted.) *Mitchell v. State*.[2]

Mitchell was convicted under Count 3 of the indictment, which charged him with committing child molestation by "plac[ing] his hand on the vagina" of the victim. Mitchell argues that no evidence was presented at trial that he ever placed his hand on the victim's vagina.

The victim testified that Mitchell put his finger into her vagina. The victim's testimony was corroborated by Detective D. A. Waltower of the DeKalb County Police Department, who testified that the victim told him that Mitchell had put his finger into her vagina. This evidence was sufficient to support Mitchell's conviction for child molestation by placing his hand on the vagina of the victim.

Mitchell points out that the jury found him not guilty of Count 1 of the indictment, which charged him with aggravated sexual battery by penetrating the vagina of the victim with his finger. He argues that in doing so, the jury necessarily found that the State had failed to meet its burden of proving that he had put his finger into the victim's vagina, and, therefore, there was no evidence to support his conviction on Count 3. This argument has no merit.

Our Supreme Court abolished the inconsistent verdict rule in criminal cases in *Milam v. State*.[3] Thus,

> Georgia does not recognize an inconsistent verdict rule, which would permit a defendant to challenge the factual findings underlying a guilty verdict on one count as inconsistent with the findings underlying a not guilty verdict on a different count. A conviction on one count and acquittal on another related count may reflect a compromise or lenity by the jury rather than inconsistent factual conclusions, and Georgia courts generally will not look behind the jury's deci-

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] *Mitchell v. State*, 233 Ga. App. 92 (1) (503 SE2d 293) (1998).
[3] *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986).

sion to convict on certain counts and acquit on other counts. Therefore, [Mitchell's argument] is without merit.

(Footnotes omitted.) *Hines v. State.*[4]
*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED AUGUST 19, 2003.

*Slater, King & Gross, Scott R. King,* for appellant.
*J. Tom Morgan, District Attorney, Rosemary W. Brewer, Assistant District Attorney,* for appellee.

