## A04A0008. SMITH v. THE STATE.
### (596 SE2d 13)

BLACKBURN, Presiding Judge.

Following his conviction by a jury of driving under the influence by reason of an alcohol concentration of 0.08 grams or more,[1] William Morris Smith appeals, arguing that (1) the evidence was insufficient to support his conviction, and (2) the trial court erred in giving additional instructions to the jury in response to its question. For the reasons set forth below, we affirm.

1. Smith contends that the evidence was insufficient to support his conviction under OCGA § 40-6-391 (a) (5), the "per se" DUI violation. Under that Code subsection, a person is guilty of driving under the influence if "[t]he person's alcohol concentration is 0.08 grams or more at any time within three hours after such driving or being in actual physical control from alcohol consumed before such driving or being in actual physical control ended."

> On appeal, a defendant no longer enjoys the presumption of innocence, and we view the evidence in the light most favorable to the jury's verdict. Further, we do not weigh the evidence or determine witness credibility. Instead, an appellate court determines whether the evidence is sufficient to convict the defendant beyond a reasonable doubt. Here, the evidence was sufficient.

(Footnotes omitted.) *Bridges v. State.*[2]

Viewed in this light, the evidence shows that at about 1:50 a.m. on September 26, 2001, Officer Joel Abbott of the Warner Robins Police Department noticed a white truck that was weaving in its lane and straddling two lanes. Abbott activated his lights and siren. At first, Smith, the driver of the truck, ignored the police officer and continued to drive, but eventually he pulled into a parking lot. He

---

[1] OCGA § 40-6-391 (a) (5).
[2] *Bridges v. State,* 256 Ga. App. 355, 356 (1) (568 SE2d 574) (2002).

rolled down his window only after the officer banged on it to get his attention.

Smith smelled of alcoholic beverage, his speech was slurred, and his eyes were red and bloodshot. Abbott had Smith perform three field sobriety tests, all of which indicated that Smith was impaired. When the alco-sensor portable breath test had a positive alcohol reading, Abbott placed Smith under arrest and read him the implied consent notice. Smith agreed to submit to the State-administered chemical test of his breath and was taken to the police department. After being given the implied consent notice a second time at the station, Smith was given the Intoxilyzer 5000 test. Smith provided the police with two breath samples. The first sample, taken at 2:41 a.m., showed an alcohol concentration of 0.164; the second sample, taken at 2:46 a.m., indicated an alcohol concentration of 0.156. This evidence was sufficient to convict Smith beyond a reasonable doubt of DUI under OCGA § 40-6-391 (a) (5).

2. Smith also argues that the evidence was insufficient to support his conviction for per se DUI under OCGA § 40-6-391 (a) (5) because the jury found him not guilty of both driving under the influence to the extent that it is less safe for a person to drive[3] and improper lane change. The gravamen of Smith's argument seems to be that his conviction for per se DUI and his acquittals on the counts of less safe DUI and improper lane change are inconsistent verdicts and thus his conviction cannot stand. As we pointed out recently in *Mitchell v. State*,[4]

> [o]ur Supreme Court abolished the inconsistent verdict rule in criminal cases in *Milam v. State*.[5] Thus, Georgia does not recognize an inconsistent verdict rule, which would permit a defendant to challenge the factual findings underlying a guilty verdict on one count as inconsistent with the findings underlying a not guilty verdict on a different count. A conviction on one count and acquittal on another related count may reflect a compromise or lenity by the jury rather than inconsistent factual conclusions, and Georgia courts generally will not look behind the jury's decision to convict on certain counts and acquit on other counts.

Id. at 807-808. Smith's argument is meritless.

3. Smith next contends that the trial court erred in giving certain additional instructions to the jury in response to a question from

---

[3] OCGA § 40-6-391 (a) (1).

[4] *Mitchell v. State*, 262 Ga. App. 806 (586 SE2d 709) (2003).

[5] *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986).

them. During the deliberations, the jury sent the trial court a note which read: "If there was no probable cause to pull him over can Count I be thrown out. Comment: Appears to be unresolved conflicts of testimony between Officer Abbott and Mr. Smith." The trial court brought the jury back in and answered their question by saying, "First I will tell you that the Court cannot answer that question for you and I will say further to you that the issue of probable cause is not for you to decide." Smith has no complaint about the first part of the trial court's response, but contends that, in telling the jury that the issue of probable cause was not for it to decide, the trial court gave "the jury the impermissible impression that the issue of probable cause had already been decided and it was decided adversely to the defendant," and also implied that the defendant was guilty of Count 1.

> As a general rule, the need, breadth, and formation of additional jury instructions are left to the sound discretion of the trial court. When the jury requests more instructions upon a particular phase of the case, the trial court is under a duty to instruct them in a plain, clear manner so as to enlighten rather than confuse them. The court may respond to a jury's question by repeating charges which are legally sufficient and not misleading. But it is not necessarily error for the court to respond with a direct answer. The critical issue is whether the charge taken as a whole presents the issues in a way not likely to confuse a jury of average intelligence.

(Citations, punctuation and footnotes omitted.) *McElroy v. State.*[6]

The question of probable cause "had been resolved and ruled on in the motion to suppress hearing; in such a hearing, the judge sits as the trier of fact." *Sims v. State.*[7] Thus, the trial court's statement to the jury that it was not for them to decide the issue of probable cause was a correct one and, as a correct statement regarding the determination of probable cause, could not leave the jury with an impermissible impression. In addition, the trial court, in charging the jury, had instructed it that none of its comments or rulings were "intended to express any opinion either upon the facts of the case, upon the credibility of the witnesses, upon the evidence, or upon the guilt or innocence of the defendant." In light of the charge as a whole, therefore, it does not appear that the trial court's response to the jury had

---

[6] *McElroy v. State*, 244 Ga. App. 500, 501-502 (1) (a) (536 SE2d 188) (2000).
[7] *Sims v. State*, 165 Ga. App. 881, 884 (6) (303 SE2d 60) (1983).

"the net effect of implying that the defendant was guilty of Count One."

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED FEBRUARY 6, 2004 —
RECONSIDERATION DENIED FEBRUARY 23, 2004 

*Carl A. Veline, Jr.,* for appellant.
*A. Robert Tawse, Jr.,* Solicitor-General, *Arthur J. Creque,* Assistant Solicitor-General, for appellee.