A06A1871. RENKIEWICZ v. THE STATE.
(642 SE2d 384)

MIKELL, Judge.

After a jury trial, Susan Mary Renkiewicz was convicted of driving under the influence of alcohol to the extent she was a less safe driver, in violation of OCGA § 40-6-391 (a) (1). She now appeals from the denial of her motion for a new trial. We affirm.

1. Renkiewicz contends the evidence is insufficient to support her conviction.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Renkiewicz] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The verdict

---

must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[1]

So viewing the evidence, the record reflects that on April 18, 2004, Officer Selph of the Garden City Police Department stopped Renkiewicz after observing her car cross the centerline "a couple of times" and nearly sideswipe another car. Selph detected a strong odor of alcohol about Renkiewicz's person, which Renkiewicz claimed was the odor of her cat. Selph testified that Renkiewicz's speech was slurred and mumbling; that she stumbled once or twice as she exited her vehicle; that her eyes were glassy and bloodshot; and that she at first denied having anything to drink, but later admitted to having "a couple of drinks" earlier in the evening. Selph then conducted field sobriety tests which indicated impairment, and an alco-sensor test which indicated the presence of alcohol. Based on his extensive experience in conducting traffic stops and observing people under the influence of alcohol, Selph concluded that Renkiewicz was unsafe to operate a motor vehicle, placed her under arrest, and read to her the implied consent notice. Renkiewicz responded, "I'll just do what I have to do," which Selph took as consent. Upon arrival at the station, Selph read the implied consent notice a second time. Renkiewicz requested a blood test, and Selph advised her that she could have the blood test once she took the state-administered test, but not before. At this point, Renkiewicz refused the state-administered test by signing the form in the space for a refusal and writing the words "no test, Amen." Renkiewicz herself testified that she at first denied and then later admitted consuming a couple of glasses of wine. Renkiewicz further admitted that the implied consent form indicates that an independent test is available only after the state test is administered.

Based on the officer's description of Renkiewicz's speech, behavior, bloodshot eyes, and odor, her performance on the field sobriety tests and the result of the alco-sensor test, and her own testimony, the evidence was sufficient to authorize a jury to find Renkiewicz guilty of being under the influence of alcohol to the extent she was a less safe driver.[2]

2. Renkiewicz also contends that she was improperly denied an independent blood test. This argument is without merit. The direct testimony of the arresting officer, as well as her own admission,

---

[1] (Citations and footnotes omitted.) *Duren v. State*, 252 Ga. App. 257, 258 (555 SE2d 913) (2001). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] See *Susman v. State*, 256 Ga. App. 94, 95-96 (2) (567 SE2d 736) (2002).

indicates that Renkiewicz refused the state-administered breath test. Even though she requested a blood test, "[Renkiewicz] forfeited [her] right to such independent testing by refusing the arresting officer's request to submit to a state-administered breath test after being advised under OCGA § 40-5-67.1."[3]

3. Renkiewicz also contends that the verdicts in her trial were inconsistent because she was found not guilty of the traffic charge against her (failure to maintain lane). The fact that the jury found Renkiewicz not guilty of failure to maintain lane cannot be a basis for attacking the guilty verdict on less-safe DUI. "The 'inconsistent-verdict rule,' involving jury verdicts of guilty and not guilty that are alleged to be inconsistent, has been abolished in this [s]tate."[4] Further, "there is no requirement that the driver actually commit an unsafe act to violate OCGA § 40-6-391 (a) (1). A violation occurs if the driver is 'under the influence of alcohol to the extent that it is less safe for the person to drive,' and the [s]tate must prove impaired driving ability."[5] As discussed in Division 1 above, the evidence in this case was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Renkiewicz was driving while impaired by alcohol to the extent that she was a less safe driver.[6]

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 22, 2007.

*Gary M. Newberry*, for appellant.
*Spencer Lawton, Jr., District Attorney, Sarah L. Moorhead, Assistant District Attorney*, for appellee.

---

[3] (Citation omitted.) *Clegg v. State*, 236 Ga. App. 115 (511 SE2d 544) (1999). See also *Rawl v. State*, 192 Ga. App. 57, 58 (3) (383 SE2d 903) (1989).

[4] (Citation omitted.) *Kelly v. State*, 281 Ga. App. 432, 433 (1) (636 SE2d 143) (2006), citing *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986).

[5] (Footnotes omitted.) *Susman*, supra, quoting OCGA § 40-6-391 (a) (1); accord *Drogan v. State*, 272 Ga. App. 645, 646-647 (1) (b) (613 SE2d 195) (2005).

