## A11A2246. MASOOD v. THE STATE.
(722 SE2d 149)

DILLARD, Judge.

Following a jury trial, Naveed Masood was convicted of one count of driving under the influence to the extent that he was a less-safe driver (DUI less-safe)[1] and acquitted by the jury of failing to maintain his lane.[2] On appeal, Masood argues that the trial court erred in denying his motion for "judgment notwithstanding the verdict" because the jury's acquittal on the second count resulted in a fatal variance between the State's accusation for DUI less-safe and the theory under which he was convicted. For the reasons set forth infra, we affirm.

Viewed in the light most favorable to the jury's verdict,[3] the record shows that on June 25, 2010, an officer with the Doraville Police Department DUI Task Force purportedly observed Masood's vehicle committing a variety of moving violations. Specifically, the officer testified that Masood's vehicle straddled two lanes, drifted into a turn lane, made a wide turn, and then swerved. And shortly thereafter, the officer initiated a traffic stop.

Upon approaching Masood's vehicle, the officer detected an odor of alcohol and noticed that Masood's eyes were red and watery. And when questioned as to whether he had consumed any alcohol that day, Masood admitted to drinking one beer. The officer then asked Masood to step outside of the vehicle to the rear so that he could evaluate whether Masood still smelled of alcohol after being separated from the passengers. Masood complied, and the officer detected the scent of alcohol about Masood's breath and person from as far away as three feet.

Thereafter, the officer administered two field-sobriety tests—the Horizontal Gaze Nystagmus (HGN) and the walk-and-turn—and Masood exhibited clues of impairment on each. After Masood indicated that he had an injured knee, the officer decided not to administer the one-leg-stand test and instead administered the portable alco-sensor test, which returned a result positive for alcohol consumption. And when the officer again asked Masood how much

---

[1] *See* OCGA § 40-6-391 (a) (1).

[2] *See* OCGA § 40-6-48.

[3] *See, e.g., Stone v. State*, 248 Ga. App. 190, 190 (546 SE2d 787) (2000).

alcohol he had consumed, Masood changed his initial response from one to three beers. Masood was then taken into custody and read Georgia's Implied Consent law, but he refused to take the state-administered test.

Masood was thereafter tried by a jury that, after hearing the testimony of the arresting officer and viewing a video from the officer's dash-cam, convicted him of DUI less-safe but acquitted him of a charge for failing to maintain lane. This appeal follows.[4]

At the outset, we note that "[o]n appeal from a criminal conviction, the evidence is viewed in a light most favorable to the verdict."[5] And we do not "weigh the evidence or determine witness credibility," but only determine whether the evidence was sufficient for the trier of fact to have "found the essential elements of the crime beyond a reasonable doubt."[6] With these guiding principles in mind, we turn now to Masood's enumeration of error.

Masood's sole argument on appeal is that he was convicted of DUI less-safe "based upon some evidence which was not consistent with the State's theory as setforth [sic] in the accusation" because "the evidence presented by the State to prove its theory that [Masood] was a less safe drive[r] was based primarily on the fact, according to [the officer], that [Masood] failed to maintain his lane of travel five times." Thus, Masood argues that "the trial court erred by failing to grant [his] motion for judgment notwithstanding the verdict." We disagree with this contention for a number of reasons.

To begin with, we note that Masood never moved for a directed verdict on the counts for DUI less-safe or failure to maintain lane.[7] After the jury returned a guilty verdict as to the DUI less-safe charge and a not-guilty verdict as to the failure-to-maintain-lane charge, Masood argued that the trial court should not enter the guilty verdict as to the DUI less-safe count because the basis for that count was Masood's initial failure to maintain his lane. Thus, according to Masood, there was a fatal variance between the State's theory throughout the trial and the alternative theory upon which the jury

---

[4] Masood was previously ordered to recast his brief after submitting a brief that failed to comply with Court of Appeals Rule 1 (c) regarding font-type and size or with Rule 24 (e) regarding the numbering of pages. Although Masood promptly complied with this Court's order, we now note that his brief does not contain citations to the record, which is a violation of Court of Appeals Rule 25 (a) (1). Although such deficiency is usually deemed an abandonment of the claimed error, we will "exercise our discretion and review the evidence in this case based on the record citations in the State's brief." *Meyers v. State*, 249 Ga. App. 248, 248, n.4 (547 SE2d 781) (2001). We take this opportunity to remind Masood, however, that "compliance with our rules is not discretionary, but mandatory." *Warren v. State*, 232 Ga. App. 488, 488 (1) (502 SE2d 336) (1998).

[5] *Stone*, 248 Ga. App. at 190.

[6] *Id.*

[7] Masood successfully moved for a directed verdict on an open-container charge.

must have based its conviction.

We further note that despite Masood's description of his post-verdict motion as being one for judgment notwithstanding the verdict, "[n]o statutory provision for judgment n.o.v. exists in the statutory criminal law of Georgia" and our Supreme Court has "declined to create such a remedy judicially."[8] Indeed, OCGA § 17-9-1 permits a defendant "to seek a directed verdict of acquittal only during trial."[9] Thus, because JNOV is not a remedy available in a criminal case, "a defendant's remedy is a motion for a new trial."[10]

Assuming that we deem Masood's post-verdict motion to be a motion for new trial, it is, nevertheless, wholly without merit. Although Masood maintains that he is not making an "inconsistent verdict" argument, this is in actuality what he argues on appeal.[11] However, Georgia does not recognize the inconsistent-verdict rule.[12] Instead, our courts recognize that "[a] conviction on one count and acquittal on another related count may reflect a compromise or lenity by the jury rather than inconsistent factual conclusions . . . ."[13] Therefore, we have previously held that a jury's acquittal on a traffic charge for failure to maintain lane "cannot be a basis for attacking the guilty verdict on less-safe DUI."[14]

In sum, because the inconsistent-verdict rule has been abolished in Georgia, "the question becomes not whether an acquittal on one charge necessitates acquittal on another charge, but whether the evidence viewed in favor of the conviction was sufficient to support

---

[8] *Rhyne v. State*, 209 Ga. App. 548, 550 (1) (434 SE2d 76) (1993); *see also Wilson v. State*, 215 Ga. 775, 775 (1) (113 SE2d 607) (1960) (holding that "the rule providing for entering a judgment notwithstanding the verdict . . . relates solely to pleading, procedure, and practice in the trial of civil actions").

[9] *Rhyne*, 209 Ga. App. at 550 (1); *see also Wilson*, 215 Ga. at 775-76 (1) ("There being no provision of law for the court to entertain a motion of not guilty notwithstanding a judgment of guilty, this assignment is without merit.").

[10] *Stancil v. State*, 155 Ga. App. 731, 734 (7) (272 SE2d 511) (1980); *see also Russell v. State*, 155 Ga. App. 555, 555 (2) (271 SE2d 689) (1980) ("A motion for judgment notwithstanding the verdict is not appropriate in a criminal case and when made in the alternative with a motion for new trial, amounts to no more than the latter.").

[11] *See Mullady v. State*, 270 Ga. App. 444, 447 (2) (606 SE2d 645) (2004) (explaining that an inconsistent verdict rule "would permit a defendant to challenge the factual findings underlying a guilty verdict on one count as inconsistent with the findings underlying a not guilty verdict on a different count" (punctuation omitted)).

[12] *Id.*

[13] *Id.* (punctuation omitted).

[14] *Renkiewicz v. State*, 283 Ga. App. 692, 694 (3) (642 SE2d 384) (2007); *see also Smith v. State*, 265 Ga. App. 756, 757 (2) (596 SE2d 13) (2004) (finding defendant's argument that conviction for per se DUI and acquittals on less-safe DUI and improper lane change resulted in inconsistent verdicts to be without merit); *Mullady*, 270 Ga. App. at 447 (2) ("The fact that the jury acquitted [the defendant] on the speeding charges cannot form a basis for challenging the factual findings underlying the jury's verdict on the DUI count.").

the guilty verdict."[15] And here, the evidence—as detailed supra—was sufficient to convict Masood of DUI less-safe.[16]

Accordingly, for all the forgoing reasons, we affirm Masood's conviction.

*Judgment affirmed. Mikell, C. J., and Boggs, J., concur.*

### DECIDED JANUARY 12, 2012.

*Benjamin A. Davis, Jr.,* for appellant.
*Sherry Boston, Solicitor-General, Sri H. Digumarthi, Assistant Solicitor-General,* for appellee.

---

[15] *Day v. State,* 242 Ga. App. 781, 782 (1) (531 SE2d 357) (2000); *see also Milam v. State,* 255 Ga. 560, 562 (2) (341 SE2d 216) (1986) (abolishing the inconsistent verdict rule in Georgia).

[16] *See, e.g., Jaffray v. State,* 306 Ga. App. 469, 471-72 (1) (702 SE2d 742) (2010) (sufficient evidence of DUI less-safe when defendant was observed speeding, smelled of alcohol, had watery and bloodshot eyes, and officer opined that defendant was a less-safe driver); *Jacobson v. State,* 306 Ga. App. 815, 816 (1) (703 SE2d 376) (2010) (sufficient evidence of DUI less-safe when defendant failed to dim bright headlights, smelled of alcohol, had watery eyes, admitted to wrecking motorcycle earlier, admitted to consuming alcohol, and exhibited clues of impairment on field sobriety tests); *Stone,* 248 Ga. App. at 192 (1) ("[The officer's] testimony about his observations of [defendant], coupled with his opinion that she was less safe to drive, constituted sufficient evidence to authorize the trial court's finding of guilt."); *see also Renkiewicz,* 283 Ga. App. at 693 (1); *Smith,* 265 Ga. App. at 757 (1); *Mullady,* 270 Ga. App. at 447-48 (2).