### S16A1349. TURNER v. THE STATE.
(791 SE2d 791)

THOMPSON, Chief Justice.

Appellant Octavious Turner was convicted of malice murder and another charge in connection with the shooting death of Quintaveis Johnson.[1] He appeals, asserting, inter alia, the trial court erred in

---

[1] The shooting occurred on March 15, 2011. Appellant was indicted on June 14, 2011, and charged with malice murder, two counts of felony murder, two counts of aggravated assault with a deadly weapon, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. Trial commenced on December 5, 2012. The jury found appellant not guilty of one count of aggravated assault, and guilty of the remaining charges. On December 11, 2012, the trial court sentenced appellant to life in prison for malice murder and five years consecutive for possession of a firearm during the commission of a felony. Appellant's timely

permitting the State to ask prospective jurors whether they would be able to find a defendant guilty based solely on the testimony of a single witness. Finding no enumerated error, we affirm on the merits, but vacate and remand to enable the trial court to address a sentencing error.

1. Briefly stated, the evidence, viewed in a light favorable to the verdict, shows the following: Appellant approached the victim from behind and shot and killed him during the course of an argument between the victim and other individuals, as all of them, including appellant, hurriedly left a gathering at an apartment complex in the early morning hours. Eyewitnesses who knew appellant identified him as the shooter; other witnesses placed him at the scene when the shooting occurred. One eyewitness, the victim's brother, was standing next to the victim at the time of the shooting; he was grazed by the same bullet which struck and killed the victim.

Contrary to appellant's contention, the evidence was sufficient to enable any rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. See *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979). It was for the jury, not this Court, to assess the credibility of the witnesses and resolve conflicts or inconsistencies in the evidence. See *Harvey v. State*, 292 Ga. 792, 793 (741 SE2d 625) (2013).

2. During the voir dire of prospective jurors, the State asked whether "anyone here believe[s] they could never return a verdict of guilty based solely on the word of another person?" Appellant objected to the question, asserting it essentially asked the jury to prejudge the case. The trial court overruled the objection and allowed the question. Appellant enumerates error on that ruling.

"Since there is often a fine line between asking potential jurors how they would decide the case and questions that merely seek to expose bias and prejudice, the scope of the voir dire examination, of necessity, must be left to the sound discretion of the trial court." *Sallie v. State*, 276 Ga. 506, 510 (578 SE2d 444) (2003). The trial court did not abuse its discretion in permitting the question posed by the State. The jurors were not invited to prejudge the case. See *Thomas v. State*, 296 Ga. 485, 489 (769 SE2d 82) (2015) (stating that "parties are not entitled to ask questions that would commit a potential juror to a particular outcome based on speculative proof and hypothetical facts"). To the contrary, the question related not to hypothetical facts

---

filed motion for new trial was denied on December 7, 2015. Appellant filed a notice of appeal on December 14, 2015. The appeal was docketed in this Court for the April 2016 term and submitted for a decision on the briefs.

but to the potential jurors' willingness to adhere to the trial court's instructions concerning the State's burden of proof. See id.

3. Juror 25 answered affirmatively when the panel was asked if anyone believed (1) appellant must have done something wrong in order to be on trial and (2) it was up to appellant to prove his innocence. Based on these answers, appellant asserts the trial court erred in failing to strike juror 25 for cause. See *Cade v. State*, 289 Ga. 805, 807 (3) (716 SE2d 196) (2011) (prospective juror should be excused for cause if the juror holds an opinion of guilt or innocence so fixed and definite that the juror cannot set aside the opinion and decide the case based on the evidence and the court's charge). However, after he initially expressed his concerns, juror 25 stated he would be able to lay aside any biases he might have, would presume appellant to be innocent, and would decide the case based on the law and evidence. Inasmuch as juror 25 did not hold to a fixed and definite opinion with respect to appellant's guilt or innocence, it cannot be said the trial court abused its broad discretion in refusing to strike this juror for cause. See *Akhimie v. State*, 297 Ga. 801, 806 (777 SE2d 683) (2015) (prospective juror's initial doubts as to his or her ability to remain impartial do not require he or she be excused for cause as a matter of law); *Sears v. State*, 292 Ga. 64, 66 (2) (734 SE2d 345) (2012) (trial court is vested with broad discretion to determine whether prospective juror should be excused for cause).

4. Appellant contends the trial court erred in failing to suppress the pre-trial photographic identifications of appellant made by witnesses Charles Johnson, Alana Arnold and Chiquita Goodwin. However, this contention differs from the objections raised in the trial court and, therefore, it will not be considered for the first time on appeal. See *Kitchens v. State*, 228 Ga. 624 (187 SE2d 268) (1972) (Supreme Court is a court for the correction of errors made by the trial court and it cannot decide questions raised for the first time on appeal); *Jackson v. State*, 252 Ga. App. 16, 17 (2) (555 SE2d 240) (2001) ("one may not abandon an issue in the trial court and on appeal raise questions or issues neither raised nor ruled on by the trial court").

5. On direct examination, Alana Arnold testified that a week before the shooting she saw appellant and others smoking marijuana in a breezeway in the apartment complex. The trial court sustained appellant's objection to this testimony and admonished the jury to disregard it insofar as it constituted a negative comment upon appellant's character. Appellant contends the trial court's admonition was insufficient, and it should have granted appellant's renewed motion for a mistrial.

The refusal to grant a mistrial based on a prejudicial comment lies within the discretion of the trial court, and this Court will not interfere with that discretion on appeal in the absence of a manifest abuse. *Harrell v. State*, 253 Ga. 474, 476 (4) (321 SE2d 739) (1984). Moreover, a new trial will not be granted unless it is clear that the trial court's curative instruction failed to eliminate the effect of the prejudicial comment. *Watkins v. State*, 237 Ga. 678, 683 (229 SE2d 465) (1976). We find the trial court's instruction in this case was sufficient to protect appellant from the prejudicial effect of the witness's testimony. See generally *Rafi v. State*, 289 Ga. 716, 720 (4) (715 SE2d 113) (2011) (trial court did not err in denying motion for mistrial when witness referred to defendant as drug dealer and court gave curative instruction). The trial court did not err in failing to grant appellant's renewed mistrial motion.

6. This Court may resolve a merger issue in a direct appeal when the trial court's sentencing order fails to do so. *Smith v. State*, 298 Ga. 357, 358-359 (2) (782 SE2d 26) (2016). Here, we notice that the trial court failed to sentence appellant for the charge of possession of a firearm by a convicted felon. See note 1, supra. Accordingly, we remand for sentencing on that count.

*Judgment affirmed in part and vacated in part, and case remanded for resentencing. All the Justices concur.*

DECIDED OCTOBER 3, 2016.

*Kenneth W. Sheppard*, for appellant.

*Paul L. Howard, Jr.*, District Attorney, *Paige Reese Whitaker, Arthur C. Walton*, Assistant District Attorneys; *Samuel S. Olens*, Attorney General, *Patricia B. Attaway Burton*, Deputy Attorney General, *Paula K. Smith*, Senior Assistant Attorney General, *Matthew Min-soo Youn*, Assistant Attorney General, for appellee.