**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 4, 2017**

# In the Court of Appeals of Georgia

A17A0422. MILTON GIBBS v. THE STATE.

BARNES, Presiding Judge.

Milton Gibbs appeals his convictions of DUI - less safe and failure to maintain lane. He argues that the trial court erred by admitting evidence of his prior DUI conviction and that his lawyer rendered ineffective assistance by failing to object to the admission of that evidence. We find no error and affirm.

Viewed in a light favorable to the jury verdict,[1] the record shows that at approximately 3:00 a.m. on April 20, 2014, Gibbs drove his SUV off the roadway around a curve on a two-lane road in Douglas County. The SUV struck a telephone pole located approximately 30 feet off the road, breaking it in half, and came to rest in a ditch. Gibbs, who was not injured, called his brother-in-law for help removing the SUV from the ditch. After his brother-in-law arrived at the scene, Gibbs called his insurance company, which summoned a tow truck. The tow truck driver arrived and

---

[1] See *Masood v. State*, 313 Ga. App. 549, 550 (722 SE2d 149) (2012).

dialed 911 after seeing the damage to the telephone pole. A county sheriff's deputy was dispatched to the scene, and she requested that a Georgia State Patrol trooper investigate the accident.

The trooper arrived at 5:42 a.m. and spoke with Gibbs, who told him that he had swerved to avoid hitting a deer that had run into the road. The trooper, however, saw no yaw or skid marks or any other evidence that Gibbs had swerved or braked. The trooper concluded that Gibbs's vehicle had simply "proceeded off the roadway . . . going straight towards the pole." The trooper noticed a "slight odor of alcoholic beverage coming from [Gibbs's] person and saw that his eyes were watery and bloodshot. The trooper asked Gibbs multiple times if he had been drinking, but Gibbs said no. Gibbs also denied spilling alcohol on his clothing or being around anyone that night who had been drinking. When the trooper got closer to Gibbs, he determined that the alcoholic smell was on Gibbs's breath. The trooper performed a horizontal gaze nystagmus ("HGN") test on Gibbs, which showed six out of six possible clues of impairment. Gibbs told the trooper that he had an astigmatism and weak muscle in one eye. The trooper responded that those conditions would neither cause nystagmus nor affect the HGN test, and the trooper later checked with a

2

supervisor to confirm that assessment. The trooper was unable to administer other field sobriety tests because the terrain was unsuitable.

The trooper asked Gibbs to take a portable breath test that would indicate the presence or absence of alcohol, but Gibbs refused. Gibbs told the trooper that he was afraid the test would detect medication, but the trooper assured him that it would not. The trooper asked whether Gibbs was on medication, and he said no. The trooper then arrested Gibbs, read him his implied consent rights, and asked him to submit to a state-administered test of his blood. Again, Gibbs refused. A video of the encounter taken from a camera in the trooper's patrol car was played for the jury.

Gibbs was charged with failure to maintain lane and DUI - less safe. Before trial, the State notified Gibbs that it intended to introduce evidence of his prior DUI conviction. Defense counsel did not object to the admission of this evidence.[2] At trial, a Cobb County police officer testified that he stopped Gibbs after seeing him weaving on I-75 late one night in 2009; that he smelled alcohol on Gibbs's person but Gibbs denied drinking; that he administered the HGN test, which showed six out of six clues

_____

[2] Counsel initially asked the court to restrict the State from mentioning the prior conviction in opening statements "since the similar transaction officer is not here yet," but counsel stipulated to the admissibility of the evidence after learning that the officer was present in court.

3

of impairment; that Gibbs agreed to take a portable breath test, which showed he had been drinking; and that Gibbs later consented to a state-administered Intoxilyzer test of his breath, which gave a reading of .110. Gibbs was arrested and later pled guilty to DUI. A certified copy of the conviction was entered into evidence.

Gibbs took the stand in his own defense. He again claimed that he had not been drinking on the night of April 20, 2014 and that the accident had occurred because he swerved to avoid a deer. He also stated that he had a "lazy eye" that "wander[ed]," but he offered no proof that these conditions would have affected his performance on the HGN test. He testified that he refused to take the portable breath test because he "didn't feel that [he] needed to. [He] wasn't drinking."

The jury found Gibbs guilty of both charges. He later filed a motion for new trial, making the same arguments he makes here – that the trial court erred by admitting the evidence of his prior DUI and that his trial counsel was ineffective for failing to object to that evidence under OCGA § 24-4-403 ("Rule 403"). The trial court denied the motion, ruling that the prior DUI was admissible under OCGA §§ 24-4-404 (b) ("Rule 404 (b)") and 24-4-417 ("Rule 417") and that it was not unduly prejudicial under Rule 403. Gibbs appeals.

1. It is undisputed that Gibbs's trial counsel did not object to the admission of evidence concerning the prior DUI. Therefore, Gibbs waived any objection to the admissibility of that evidence. See *Johnson v. State*, 276 Ga. App. 505, 509 (3) (a) (623 SE2d 706) (2005) ("a defendant waives an objection to similar transaction evidence by not protesting its introduction at trial").

2. Gibbs also argues that his trial counsel rendered ineffective assistance by failing to object to evidence of the prior DUI. To prevail on a claim of ineffective assistance of trial counsel, the defendant must show that his lawyer's performance was deficient and that he was prejudiced by the deficient performance. *Aikens v. State*, 297 Ga. 229, 231 (3) (773 SE2d 229) (2015). Because "[t]here is no deficient performance when an attorney fails to object to admissible evidence," id., quoting *Perera v. State*, 295 Ga. 880, 884–885 (3) (b) (763 SE2d 687) (2014) (citation and punctuation omitted), we begin by addressing whether the evidence in question was admissible.

Rule 417, enacted in 2011 as part of Georgia's new Evidence Code,[3] provides in relevant part that in DUI prosecutions, evidence that the accused committed another DUI on a different occasion "shall" be admissible when "[t]he accused

---

[3] See *State v. Frost*, 297 Ga. 296, 299 (773 SE2d 700) (2015).

refused in the current case to take the state administered test required . . . and such evidence is relevant to prove knowledge, plan, or absence of mistake or accident." OCGA § 24-4-417 (a) (1). Based on the presence of the word *shall*, the Supreme Court concluded that Rule 417 "contains a presumption in favor of the admission of such evidence." (Citation omitted.) *State v. Frost*, 297 Ga. at 704. The Court further ruled that evidence of a prior DUI "could strengthen the inference that the factfinder could draw from [the accused's] refusal to take the state-administered test this time, that had he done so, it would have shown the presence of alcohol." *Monroe v. State*, 340 Ga. App. 373 (2) (__ SE2d __) (Case No. A16A1932, decided February 23, 2017), citing *Frost*, 297 Ga. at 304.

> Specifically, proof of Gibbs's prior DUI could allow the factfinder to infer that
>
> [Gibbs] had an awareness that his ingestion of an intoxicant impaired his ability to drive safely. Such awareness, in turn, would offer an explanation for why [Gibbs] refused the test on this occasion, namely, that he was conscious of his guilt and knew that the test results likely would tend to show that he was, in fact, under the influence of [alcohol].

*Frost*, 297 Ga. at 305, citing *State v. Jones*, 297 Ga. 156, 159 (2) (773 SE2d 170) (2015). Evidence of the prior DUI also could show that Gibbs

6

had acquired knowledge about the means by which law enforcement officers determine whether and to what extent a driver is under the influence of an intoxicant, and such awareness likewise might help to explain a refusal in the present case to submit to a test.

*Frost*, 297 Ga. at 305. Accordingly, the evidence of Gibbs's prior DUI was admissible under Rule 417.[4]

Gibbs argues that even if his prior DUI was admissible under Rule 417, counsel nevertheless was ineffective for failing to object that the evidence was unduly prejudicial under Rule 403. Rule 403 provides, pertinently, that "[r]elevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." In *Frost*, the Supreme Court explicitly declined to address whether evidence otherwise admissible under Rule 417 may be excluded as too prejudicial under Rule 403:

We have no occasion in this case to decide whether Rule 403 applies to evidence that "shall be admissible" under Rule 417. The Court of Appeals did not base its decision on Rule 403, and the parties do not

---

[4] Having found that the evidence was admissible under Rule 417, we need not consider whether it also may have been admissible under Rule 404 (b), which provides that evidence of "other crimes, wrongs, or acts" may be admissible to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

7

make any argument about Rule 403 in their briefs. Accordingly, we leave questions about the extent to which Rule 403 applies to Rule 417 evidence for another day.

297 Ga. at 301-302 n.6. Those questions remain open, as neither this Court nor the Supreme Court has yet determined whether Rule 403 applies to Rule 417.

In *Kim v. State*, 337 Ga. App. 155 (786 SE2d 532) (2016), decided after *Frost*, the defendant argued on appeal that the trial court had erred by admitting evidence of his prior DUI conviction under Rule 417 because "the facts of the prior conviction were more prejudicial than probative under Rule 403." Id. at 157. We presumed without deciding that Rule 403 applied to evidence admissible under Rule 417, but we concluded that the trial court had properly admitted the prior conviction. Id. at 157-158. As we did in *Kim*, we will assume without deciding here that Rule 403 applies to Rule 417. Accordingly, we turn to the question of whether the failure of Gibbs's trial counsel to make a Rule 403 objection constituted deficient performance.

Rule 403 [is] an extraordinary remedy which the courts should invoke sparingly, and the balance should be struck in favor of admissibility. Obviously, the reason for such caution is that relevant evidence in a criminal trial is inherently prejudicial, and, as a result, Rule 403 permits exclusion only when unfair prejudice substantially outweighs probative value. The primary function of Rule 403, then, is

8

> to exclude evidence of scant or cumulative probative force, dragged in
> by the heels for the sake of its prejudicial effect.

(Punctuation and footnotes omitted.) *Williams v. State*, 328 Ga. App. 876, 879 (1) (763 SE2d 261) (2014). A trial court has "considerable discretion in determining whether the potential for prejudice substantially outweighs any probative value." *Moss v. State*, 298 Ga. 613, 618 (5) (b) (783 SE2d 652) (2016); see also *Olds v. State*, 299 Ga. 65, 70 (2) (786 SE2d 633) (2016) ("[t]he application of the Rule 403 test is a matter committed principally to the discretion of the trial courts").

In its order denying Gibbs's motion for new trial, the trial court ruled that Gibbs's prior DUI was "properly introduced by the State to show knowledge or awareness on [Gibbs's] part," was not offered solely for its prejudicial effect, and was not merely of "scant or cumulative" probative value. Thus, the court concluded that even if counsel had lodged a Rule 403 objection to the evidence, such objection "would not have borne fruit." We agree that the prior DUI was highly probative of the reasons for Gibbs's refusal of the portable breath and state-administered blood tests because it tended to show his knowledge of the effects of alcohol consumption on his driving and of law enforcement's use of testing to determine impairment. Further, the trial court did not abuse its discretion by concluding that the evidence

9

would have survived a Rule 403 objection because its probative value was not substantially outweighed by the danger of unfair prejudice. Trial counsel was not ineffective for failing to make an evidentiary objection that would not have succeeded. See *Perera*, 295 Ga. at 884-885 (3) (b).

*Judgment affirmed. McMillian and Mercier, JJ., concur.*