**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 18, 2017**

# In the Court of Appeals of Georgia

A17A0651. MILLER v. THE STATE

BARNES, Presiding Judge.

Maggie Mae Miller appeals from the denial of her motion for new trial following her jury conviction of driving under the influence of alcohol (DUI), less safe, OCGA § 40-6-391 (a) (1), and following too closely, OCGA § 40-6-49 (a). Upon our review, we affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict. See *Masood v. State*, 313 Ga. App. 549, 550 (722 SE2d 149) (2012). So viewed, the evidence demonstrates that on November 19, 2014, Miller ran into the back of a vehicle that had stopped to turn at an intersection. When the responding Georgia State Patrol trooper arrived at the scene of the accident, he determined that, "[b]ased on Georgia law," because Miller was driving the rear vehicle, she was at fault for following too closely. When he spoke to Miller, the trooper noticed "a strong odor" of alcohol and that her eyes were "blood-shot [and]

watery." Miller initially denied consuming alcohol that day, but later told the trooper that she had consumed two beers several hours earlier. Based on his observations, the trooper initiated a DUI investigation and first conducted the horizontal gaze-nystagmus (HGN) field sobriety test, during which Miller exhibited all six clues of impairment. Miller said that she had hip issues, so the trooper determined that she could not be medically cleared to perform the one-leg-stand or walk-and-turn evaluations. Miller then submitted to an Alcosensor preliminary breath test, which was positive for alcohol.

The trooper placed Miller under arrest for DUI, read her the implied consent warning for suspects 21 years of age of older, and asked her to submit to a state-administered chemical test of her blood. Miller refused, and the trooper transported her to the Hall County jail for booking. Miller was charged with DUI (less safe), and following too closely. Following a jury trial, she was found guilty of both crimes and sentenced to 12 months on the DUI conviction, with 14 days to serve, the remainder on probation, and a consecutive 12 months of probation for the following to closely conviction.

Miller filed a motion for new trial, which she later amended, in which she argued that the admission of a previous DUI conviction was unduly prejudicial and

was introduced to prove an improper character trait, and that the trial court had not properly balanced the probative value of admitting the violation against the prejudicial effect of the prior conviction on the jury. Following a hearing, the trial court denied the motion, and Miller now appeals from that order.[1]

1. Miller argues that the trial court erred when it admitted her March 30, 2006 DUI conviction into evidence. She contends that, although the State's intended purpose for admitting the prior DUI conviction was to show "knowledge, plan, or absence of mistake in refusing the state administered breath test," the nearly eight-year-old conviction could no longer serve that purpose because of its age. We disagree.

Before trial, the State filed notice of its intent to introduce evidence of Miller's March 30, 2006 DUI conviction pursuant to OCGA § 24-4-417 ("Rule 417").[2] The

_____

[1] It is unclear whether the motion for new trial hearing was transcribed, but there is no hearing transcript included with the appellate record.

[2] OCGA § 24-4-417 (a) provides in relevant part that
evidence of the commission of another [DUI] violation . . . on a different occasion by the same accused *shall be admissible* when. . . [t]he accused refused in the current case to take the state administered test required by Code Section 40-5-55 and such evidence is relevant to prove knowledge, plan, or absence of mistake or accident. . . . (Emphasis

3

evidence regarding the 2006 conviction demonstrated that an officer attempted to stop Miller's vehicle because it was reportedly involved in a hit-and-run accident. As he attempted to stop Miller's vehicle, the officer observed Miller's vehicle weaving, and, although he activated his lights and siren, Miller continued to drive for more than one mile. She was finally stopped by officers who were working an unrelated accident scene. Miller refused to get out of her vehicle, and was ultimately physically removed. She appeared confused and disoriented, and the officer noticed the smell of alcohol "coming from the vehicle." Miller had trouble standing unassisted, so the officer could not perform field sobriety tests, but she agreed to take the state-administered breath test. Miller was arrested on the scene for other charges, including leaving the scene of an accident, and transported to jail where she was administered the breath test, and based on the result of .267 grams, Miller was also charged with DUI.

Following a pretrial similar transaction hearing, the trial court ruled that, in construing Rule 417, the 2006 DUI conviction was admissible, because, per *State v. Frost*, 297 Ga. 296, 305 (773 SE2d 700) (2015), proof of a prior DUI

---

supplied.)

4

may strengthen substantially the inference about the presence of an intoxicant. This is so because . . . it might be inferred from evidence of prior occasions in which the accused had driven under the influence that the accused had an awareness that his ingestion of an intoxicant impaired his ability to drive safely. Such awareness in turn would offer the explanation for why the accused refused the test on this occasion[,] nam[ely] that he was conscious of his guilt and knew that the test would likely tend to show he was in fact under the influence of a prohibited substance to an extent forbidden by the DUI statute.

The trial court further found that, although it had concerns about the probative value of the ten-year-old DUI conviction, "under [Rule 417] I'm not weighing the prejudicial value versus the probative value. I'm not finding that.. . . I just don't feel from what I have read in *Frost* and the clear wording of the statute that I can make that determination"

In his motion for new trial, Miller asserted, among other things, that under Rule 417, the trial court was required to utilize the balancing test in OCGA § 24-4-403 ("Rule 403") to weigh the probative value of admitting prior DUI violations against the prejudicial impact of the evidence, and the trial court had erred in not doing so. In its order denying Miller's motion for new trial, the trial court agreed with Miller

that Rule 417 should be construed with the Rule 403 balancing test to require that the probative value of Miller's prior DUI arrest be substantially outweighed by its prejudicial impact, and that it was error not to do so. But the court found that Miller was not harmed by its failure to consider the balancing test before admitting the prior DUI conviction because, in balancing the probative value and prejudicial impact, the 2006 DUI was relevant to both knowledge and absence of mistake, the jury had been properly instructed on the proper use of the prior DUI evidence and it was unlikely that they had failed to follow these instructions, and the exclusion of evidence under Rule 403 is an extraordinary remedy "and the balance should be struck in favor of admissibility."

Miller contends on appeal that the eight year span between the two DUI convictions lessens the probative value of the prior DUI and increases its prejudicial impact, and that because of its age, the prior conviction could "no longer" serve the State's purpose of knowledge and absence of mistake. We do not agree.

Evidence of a prior DUI charge "shall be admissible" in a DUI prosecution where the defendant refused to take a state-administered chemical test to show "knowledge, plan, or absence of mistake or accident." OCGA § 24-4-417 (a) (1). See *Frost*, 297 Ga. at 301. And, while "neither this Court nor the Supreme Court has

conclusively held that Rule 403 applies to Rule 417,"*Gibbs v. State*, 341 Ga. App. 316, 319 (2) (800 SE2d 385) (2017), we will presume without deciding that Rule 403 applies to Rule 417. See *Kim v. State*, 337 Ga. App. 155, 157 (786 SE2d 532) (2016) (defendant argued that evidence of his prior DUI conviction admitted under Rule 417 was more prejudicial than probative under Rule 403, and this Court presumed without deciding that Rule 403 applied to evidence admissible under Rule 417).

Rule 403 provide that "[r]elevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." OCGA § 24-4-403. Despite Miller's contention, the lapse of time does not presumptively lessen the probative value of a prior act, but instead "is a factor to be taken into consideration when balancing the probative value of the evidence against its potentially prejudicial impact." (Citation and punctuation omitted.) *Buckholts v. State*, 283 Ga. App. 254, 257-258 (2) (641 SE2d 246) (2007) (17-year lapse of time between offenses does not automatically render evidence of the prior offense inadmissible). See *Evans v. State*, 287 Ga. App. 74, 76 (2) (651 SE2d 363) (2007) (evidence admissible despite 16-year gap between Evans' prior DUI arrest and his current DUI offense). To that end, "[a] trial court has

7

considerable discretion in determining whether the potential for prejudice substantially outweighs any probative value." (Citation and punctuation omitted.) *Gibbs*, 341 Ga. App. at 319 (2).

Here, the trial court admitted the 2006 DUI for proper purposes pursuant to Rule 417, including that such evidence tended to show Miller's knowledge of the effects of alcohol consumption on her driving and knowledge about the use of testing to determine impairment, and the trial court was authorized to find that its probative value was not substantially outweighed by its prejudicial impact, despite the age of the prior DUI conviction.[3]

2. Miller's assertion that the trial court should have limited the testimony about the 2006 DUI to certain facts, rather than allowing testimony about the entire incident, is maintained for the first time on appeal. Her assertion

---

[3] While not specifically ruling on the impact of the gap of time between the DUI convictions, during the Rule 417 hearing, the trial court expressed concern about the length of time between the two DUI convictions, and with nothing in the record affirmatively to the contrary, we will presume that the trial court considered the age of the prior DUI in weighing its probative value against the prejudicial impact. See *Murdock v. State*, 299 Ga. 177, 178 (2) (787 SE2d 184) (2016) ("Unless the record shows otherwise, we must presume that the trial court understood the nature of its discretion and exercised it.")

differs from the objections raised in the trial court and, therefore, it will not be considered for the first time on appeal. See *Kitchens v. State*, 228 Ga. 624 (187 SE2d 268) (1972) ([Appellate courts are] court[s] for the correction of errors made by the trial court and . . . cannot decide questions raised for the first time on appeal); *Jackson v. State*, 252 Ga. App. 16, 17 (2) (555 SE2d 240) (2001) ("one may not abandon an issue in the trial court and on appeal raise questions or issues neither raised nor ruled on by the trial court").

*Turner v. State*, 299 Ga. 720, 722 (4) (791 SE2d 791) (2016).

*Judgment affirmed. McMillian and Mercier, JJ., concur*.